No. 22,204.

PRECILLIANO VILLALOBOS, *Appellee,* v. THE CUDAHY PACKING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Injuries—Award of Compensation Committee— Jurisdiction of Court to Review the Award.* A workman for a packing company was injured in the course of his employment. The compensation committee organized by the company proceeded to award compensation to the workman, who, although notified, did not attend, and refused to accept the award. Within a few weeks he brought an action to review and cancel the award and have his compensation fixed, alleging, among other things, that the award was grossly inade-

quate, and that his incapacity to work had increased since the award was made. It is held that under section 16 of chapter 226 of the Laws of 1917, the court had jurisdiction and authority to review the award and to consider all competent evidence touching the inadequacy of compensation and increased disability.

2. SAME—*Award—Review—Judgment of Reviewing Court.* The court determined that the committee had acted in good faith, but that the award was grossly inadequate, and rendered judgment for a lump sum to cover total and partial incapacity. The evidence examined, and held to support the judgment.

3. SAME—*Elements of Damages.* The sum allowed for doctors' bills and hospital and medicine bills was supported by the evidence.

4. SAME. From the record, including the transcript, nothing appears which requires the allowance made by the court to be credited with any part of the award made by the committee.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed June 7, 1919. Affirmed.

*J. D. Houston, C. H. Brooks,* and *Willard Brooks,* all of Wichita, for the appellant.

*Dempster O. Potts,* and *W. P. Campbell,* both of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: This was an action to review and cancel an award made under the workmen's compensation act, and to recover compensation. The plaintiff prevailed, and the defendant appeals.

The plaintiff, a Mexican, was injured by falling in such a way that his side struck the edge of a barrel. His interpreter took up with counsel for the employer the matter of adjustment, but owing to the latter's other engagements no definite meeting was had. In the meantime the compensation committee, organized by the defendant company, took up the matter, and, having notified the plaintiff, who did not appear, adjourned the hearing to a subsequent date and made an award, the plaintiff at no time appearing. Within a few weeks the plaintiff brought this action, asking for a review of the award, that it be canceled and held for naught, and that the court determine the issue and fix the compensation. He denied the authority of the committee and alleged that he had

been at all times ready and willing to settle by agreement; that he had a verbal agreement with defendant's counsel, which was not carried out; that the committee acted under the influence of the defendant; that the compensation was grossly inadequate; and that his incapacity to work had increased since the award was made and filed.

On hearing the entire matter, the court found that the compensation committee acted in good faith, but that the plaintiff had been totally disabled for five months and that it would require three months more to recover, and for this, and nine months' partial disability, allowed him $772.80, and found that the award of the committee was legal and valid in all respects, but grossly inadequate.

The defendant urges two grounds for reversal; first, that the plaintiff could not ignore the arbitration proceedings and then set aside the award as grossly inadequate, and, second, that there was no evidence to sustain the judgment. As to the latter, several doctors testified, who differed greatly in their conclusions; one thought there was an enlarged spleen; another, that there was a broken rib. There was evidence of swelling and great soreness, and it seems that the plaintiff was in bed for some time. Some deemed him neurasthenic. It is impossible to read the descriptions of his condition without regarding it as far from one of health. The court expressed the conviction that there was traumatism, which had developed the plaintiff into a malingerer—a neurasthenic— and rendered judgment for a lump sum.

The original section (Laws 1911, ch. 218, § 294, Gen. Stat. 1915, § 5923) reads:

"At any time within one year after an agreement or award has been so filed, a judge of a district court having jurisdiction may, upon the application of either party, cancel such agreement or award, upon such terms as may be just, if it be shown to his satisfaction that the workman has returned to work and is earning approximately the same or higher wages as or than he did before the accident, or that the agreement or award has been obtained by fraud or undue influence, or that the committee or arbitrator making the award acted without authority or was guilty of serious misconduct, or that the award is grossly inadequate or grossly excessive, or if the employee absents himself so that a reasonable examination of his condition cannot be made, or has departed beyond the boundaries of the United States or Canada."

This was amended by section 16 of chapter 226 of the Laws of 1917 so as to read as follows:

"At any time before the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the judge of the district court having jurisdiction, upon the application of either party, and in connection with such review the court may appoint a physician or surgeon or two physicians or surgeons to examine the workman and report to the court, and the court shall hear all competent evidence offered, and if the court shall find that the award has been obtained by fraud or undue influence, or that the committee or arbitrator making the award acted without authority, or was guilty of serious misconduct, or that the award is grossly excessive, or grossly inadequate, or that the incapacity or disability of the workman has increased or diminished, the court may modify such award, upon such terms as may be just, by increasing or diminishing the compensation, subject to the limitations hereinbefore provided in this act; and, if the court shall find that the workman has returned to work for the same employer in whose employ he was injured, or for another employer, and is earning the same or higher wages than he did at the time of the accident or injury, or is gaining an income from any trade or employment which is equal to or greater than the wages he was earning at the time of the accident or injury, or shall find that the workman has absented himself and continues to absent himself so that a reasonable examination cannot be made of him by a physician or surgeon selected by the employer, or has departed beyond the boundaries of the United States or Dominion of Canada, the court may cancel the award and end the compensation; provided, that the provisions of this section shall not apply to awards of compensation provided for in the schedule of specific injuries in section 3 of this act."

Section 32 of the act of 1911 (Gen. Stat. 1915, § 5926) has not been amended, and provides that an agreement or award may be modified at any time by a subsequent agreement. It reads:

"Or, at any time after one year from the date of filing; it may be reviewed, upon the application of either party, on the ground that the incapacity of the workman has subsequently increased or diminished. Such application shall be made to the said district court; and unless the parties consent to arbitration, the court may appoint a medical practitioner to examine the workman and report to it; and upon his report, and after hearing the evidence of the parties, the court may modify such agreement or award, as may be just, by ending, increasing or diminishing the compensation, subject to the limitations hereinbefore provided."

These things then may be considered by the court in reviewing an award: Fraud, undue influence, lack of authority, se-

rious misconduct on the part of the committee or arbitrator, gross excess in amount, gross inadequacy, increase of disability, decrease of disability, subsequent receipt of wages equal to or exceeding those received when injured, and absence of the workman so that a physical examination cannot be made. It is argued that gross inadequacy is to be judged by the evidence which was before the committee and must be such as to imply bad faith when made; but certainly this cannot be true in case of increased or diminished disability, for such increase or decrease is what may render the award grossly excessive or grossly inadequate. There is no direction that competent evidence be received with reference to some of the points already suggested and not as to others, and the natural meaning of the language is that competent evidence touching any of such points is to be received. There seems to be very little uniformity in the workmen's compensation statutes touching the matter of review and cancellation of awards. From a note, 6 N. C. C. A., 549, it appears that California provides for certiorari or review and the certification of the record in the case to the court, on which record alone the cause shall be heard. (Laws 1913, ch. 176, § 84.) Maryland (Laws of 1914, ch. 800, § 55) provides for a review in the nature of an appeal, and if the court shall determine that the commission has acted within its power granted by the act, this decision shall be confirmed, otherwise reversed or modified. By motion of either party questions of fact involved in such case may be submitted to a jury. Oregon has a similar provision. (Laws of 1913, ch. 112, § 32.) West Virginia provides for an appeal to the supreme court. (Laws of 1913, ch. 10, § 43.)

The committee in this case made no findings of fact, and there seems to be no requirement that any be made. Hence, all the court could act on was the award and such evidence as might be produced. Boyd's Workman's Compensation, § 569, quotes from *Radcliffe v. Pacific Steam Nav. Co.,* 3 B. W. C. C., 185, 190:

"The doctrine of *res judicata* does not apply to a decision as to the amount of weekly payment to the injured workman when it is made the subject of an application to review, although it may apply to some of the facts proper to be considered on the occasion of such a review. The issue on such a review is the same issue as if it were an original award

Villalobos v. Packing Co.

made at the date of the review, and the amount to be awarded is a payment which, in case of partial incapacity, must not exceed the difference between the amount of the average weekly earnings of a workman before the accident and the average weekly amount which he is earning, or able to earn, in some suitable employment or business at the date of the review, but is to bear such relation to the amount of such difference as may under the circumstances of the case appear proper.".

(See, also, Note, L. R. A. 1916A, 266.)

When, as in this case, no findings are made and no evidence returned with the award, how can the court "find that . . . the award is grossly excessive, or grossly inadequate, or that the incapacity or disability of the workman has increased or diminished" save after hearing evidence on which to base such finding or findings? Counsel say:

"If no consideration or weight whatever is attached to an arbitration, if the findings and awards of arbitrators are to be wholly disregarded, neither employer nor employee will avail themselves of the arbitration provisions of the statute. In order to give efficacy and value to the arbitration provisions of the statute, the awards of arbitrators are entitled to the same weight as are awards in common-law arbitrations."

But the only effect to be given is such as indicated by the language used by the legislature in expressing its intention, and, as we have seen, a modification is contemplated in any of several contingencies, and, under certain circumstances, an actual cancellation. Whether the effect be desirable or not, it is equally open to both parties and equally liable on the application of either to be accomplished. And this object seems equally obtainable after a full submission of all the evidence to the committee, or after a hearing in the absence of one of the parties duly notified, as in this case. It is true, as counsel forcibly suggest, that by a mere written objection the plaintiff might have ended the committee's authority to hear the matter, but in spite of his failure to object and his failure to attend, he appears to have afterwards proceeded in the way marked out by the statute, and this puts the matter beyond our power to change.

It is complained that the court allowed $150 for doctors' bills and hospital and medicine bills. The only thing in the abstract to support this is the statement that evidence was offered to show that the hospital and medicine bills amounted to $87.00; but the transcript has been procured, and it shows that one physician testified that charges for his services would

probably run between $50 and $75. This, with the other evidence, furnished a fair basis for the allowance of $150.

It is also asserted that no credit was given for money which was paid the plaintiff after the injury. The compensation committee found that the defendant had paid him $34.50 since the injury and allowed additional compensation for ten additional days in March, 1918, of $10.80, being 60 per cent of his average weekly earnings, for those days. After hearing the evidence touching the award of the committee, the court said, among other things:

"The fact remains that he did not appear before the committee, and the fact remains that he did not accept any money. He did not take any money."

The plaintiff testified that on the Saturday after his injury, on February 8, he received pay for work done up to that time; that he stayed at the packing house from the 10th up to the 16th of February and received $19.95. A representative of the defendant testified that after the injury he tendered the plaintiff the $18.00 allowed by the committee and paid him $31.90 for work he had done, but this had nothing to do with "this compensation." From this confusion of evidence nothing appears which requires a modification of the allowance made by the court.

The judgment is affirmed.