No. 23,730.

WILSON & Co., *Appellant*, v. JESSIE WARD, *Appellee*.

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Agreement to Arbitrate—Action to Set Aside Award of Arbitrator.* In an action by an employer to set aside an award of an arbitrator under the workmen's compensation act, the court found that the cause of claimant's disability did not arise out of or in the course of her employment, but held that because the employer had agreed to arbitrate and appeared before the arbitrator it was not within the power of the court to cancel the award. The court further found that at the time of the review the claimant was capable of earning at least twelve dollars per week in some suitable employment, and awarded her the minimum amount of six dollars per week for 416 weeks, payable as her wages were payable. *Held* (following *Goodwin v. Packing Co.,* 104 Kan. 747, 750, 180 Pac. 809; *Boyd v. Mining Co.,* 105 Kan. 551, 185 Pac. 9; *Roper v. Hammer,* 106 Kan. 374, 187 Pac. 858), that while the employer was not estopped by consent to the arbitration, the provisions of the statute limiting the scope of an arbitrator's decision prevents the employer from obtaining any other relief than that granted by the court.

2. SAME—*Arbitration—Consent—Scope of Arbitration.* Under the provisions of section 11, chapter 226, Laws of 1917, "unless such consent or order of appointment expressly refers other questions, only 'the question of the amount of compensation shall be deemed to be in issue." Whatever issues are referred, the decision of the arbitrator upon them is final, except for the limited review provided in the statute.

3. SAME—*Scope of Court's Power Over Arbitration.* The statute does not attempt to limit the scope of the inquiry which the court may make in determining whether there has been fraud, undue influence, or misconduct upon the part of the arbitrator, or whether the award be grossly excessive, or grossly inadequate, or whether there has been an increase or decrease of disability.

4. SAME—*Excessive Award of Arbitrators—Power of Court.* Upon the court's findings of fact it possessed authority to declare the award excessive and to reduce the amount.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed December 10, 1921. Affirmed.

*O. L. Miller,* of Kansas City, for the appellant.
*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellant brought this action to review and set aside an award made by an arbitrator under the workmen's compensation acts on the ground that the arbitrator's award was grossly excessive, contrary to the statute and void, and that the appellee never received an injury entitling her to compensation. Issues being joined, the case was tried by the court without a jury.

Several witnesses were called and examined, including two surgeons appointed by the court under the provisions of the statute. The court found the facts in substance as follows:

The appellee notified the appellant that she had met with an accidental injury in the due course of her employment in the manufacturing department of the appellant's packing house, and that she demanded compensation under the statute. The notice requested appellant to consent to arbitration, and stated that if such consent was not given application would be made to the judge of the district court for the appointment of an arbitrator. A stipulation was signed by the appellant and the appellee agreeing upon the appointment of an arbitrator "to hear the evidence upon and report his findings as such arbitrator." The evidence was taken before the arbitrator, but was not before the district court. The arbitrator fixed the compensation for total disability for a period of 406 weeks, at $10.80 per week, being sixty per cent of appellee's wages, and awarded her a lump sum of $4,082.40.

Findings 7, 8, 9, 10 and 11 are as follows:

"The court finds that the cause of claimant's disability did not arise out of and in the course of her employment, and that she never became entitled to compensation unless, by the arbitration and consequent estoppel of her employer, as hereinafter found.

"The disability of the claimant Jessie Ward arose out of a disease of the ovaries and Fallopian tubes, caused by infection, and the accident and injury to said claimant, as found in finding '6' hereof, neither caused, accelerated, nor in any manner contributed to such disease of the ovaries and tubes, nor to the disability of said claimant.

"The court finds that the arbitrator, C. O. Littick, acted without authority in making a lump sum award, except for payments then found due, and that his claim for $150 is $50 in excess of the amount allowed by law, and that the award was grossly excessive, inasmuch as claimant is not now and has not been for several months last past but partially incapacitated from labor by the illness which she claims to have resulted from the accident.

"The court finds that the claimant was not nor is not entitled to more than the minimum of $6 per week for 416 weeks, payable as her wages were payable. That the arbitrator has claimed $50 more than allowed by the statutes.

"The court finds that at the time of this review, claimant is capable of earning at least $12 per week in some suitable employment."

The court made the following conclusions of law:

"That Wilson and Company, having agreed to arbitration and appeared before the arbitrator, it is not within the power of the court to set aside the

award, but that claimant Jessie Ward is entitled to an award of $6 per week for 416 weeks, payable as follows:" . . .

In previous decisions it has been held that where an employee claims to have been injured and entitled to recover under the compensation acts, it is the duty of both parties to consent to arbitration and if either refuse, the other may by application to the court compel arbitration. (*Goodwin v. Packing Co.*, 104 Kan. 747, 750, 180 Pac. 809; *Boyd v. Mining Co.*, 105 Kan. 551, 185 Pac. 9; *Roper v. Hammer*, 106 Kan. 374, 187 Pac. 858.) In these cases the provisions of the statute that "unless such consent or order of appointment expressly refers other questions, only the question of the amount of compensation shall be deemed to be in issue" (Laws 1917, ch. 226, § 11), has been considered and construed. It has been held that—

"This means that questions such as employment, whether or not the parties were under the compensation act, whether or not the employee suffered injury by accident arising out of and in the course of the employment, and like questions, are not an issue: Either party, however, shall have the right to require the arbitrator to find the character and quality of the disability and the period for which payment shall continue." (*Boyd v. Mining Co.*, 551, 552.)

In some of these cases there was no agreement for arbitration and the employer was compelled to submit to one by an order of the court on the application of the claimant. In *Villalobos v. Packing Co.*, 105 Kan. 106, 181 Pac. 599, it was said in the opinion:

"These things then may be considered by the court in reviewing an award: Fraud, undue influence, lack of authority, serious misconduct on the part of the committee or arbitrator, gross excess in amount, gross inadequacy, increase of disability, decrease of disability, subsequent receipt of wages equal to or exceeding those received when injured, and absence of the workman so that a physical examination cannot be made." (p. 109.)

The theory of the appellant is that the employer in all cases of arbitration has left to him the one defense that, although an accident happened to the claimant in the course of his employment while both were under the compensation acts, yet, because such accident was so slight that it did not disable the workman for a period of one week, no compensation is due the workman and it is said "that is this case."

It is well known that the purpose of the legislature was to prevent litigation over claims of workmen under the compensation acts. Provision was made for arbitration, either by consent of the

parties, or where one of them refused to consent, then by an order of the district court compelling the objecting party to submit the question of the amount of compensation to an arbitrator. It provided, as we have seen, that other issues might be referred to the arbitrator, and if not, then the only issue before him was to be the amount of the compensation. Against the policy of a statute compelling the employer to consent to arbitration as to the amount of the award, with no opportunity to have the decision of the arbitrator reviewed, except to the extent provided for by statute, a strong argument can be, and is made by counsel in his brief.

It is true that in a large percentage of such cases the right to compensation has turned upon the question whether the claimant received his injuries by an accident arising out of and in the course of his employment and that in many cases the facts presented a difficult question of law; in some a mixed question of law and fact. But the legislature provided a forum where all these questions might be submitted and finally determined, except for the limited review. Of course where the arbitrator makes a conclusion of law in violation of some provision of the statute, as where he awards a lump-sum judgment, or fixes excessive allowances, fees or costs, the district court may upon appeal, or in a direct action, correct such errors.

Counsel for appellant asks this question:

"Does the court mean to hold that arbitration, although resisted, may be compelled, and yet the employer shall be held to waive defenses such, for instance, as that of the relationship of master and servant did not exist, or that the employer had no knowledge of the claimed accident, and no notice was given, and that he was thereby prejudiced, or that no demand was made for compensation within the three months fixed by the statute?"

Our answer is that whether the arbitration be compulsory or upon agreement, the same rule applies as to the issues. Either party may have referred to the arbitrator any issue involving the right of claimant to recover compensation or affecting the amount of such compensation. "Unless such consent or order of appointment expressly refers other questions, only the question of the amount of compensation shall be deemed to be in issue"—that is the language of the statute. Whatever issues are referred, the decision of the arbitrator upon them is final, except for the limited review provided in the statute. The legislature might have provided for a full review in the district court of every question submitted to the arbitra-

tor, or of every issue that might be raised by either party in pleadings. But this would have served to increase instead of to reduce litigation.

The trial court gave a wrong reason for holding that appellant could not raise the issue of whether appellee's disease was caused by an accident arising out of and in the course of her employment. The appellant was not estopped by its consent to the arbitration. It is the provision of the statute limiting the scope of a review of an arbitrator's decision which prevents the appellant from obtaining all the relief sought. The failure to have other matters referred merely deprived appellant of an opportunity for a trial of those issues before the arbitrator.

The appellee by a cross-appeal makes the contention that the statute does not permit a trial before the district court *de novo* in the absence of fraud; that all the district court has a right to consider is the same evidence that was considered before the arbitrator. The statute does not attempt to limit the scope of the inquiry which the district court may make in determining whether there has been fraud, undue influence, or misconduct on the part of the arbitrator, or whether the award be grossly excessive, grossly inadequate or whether there has been an increase or decrease of disability, etc. It makes special provision for the appointment by the court of physicians and surgeons to examine the claimant, and to make a written report to the court of their findings, which was done in this case. There would be no use to go to all this trouble and expense of time and money if the court were limited to a consideration of the evidence taken before the arbitrator. There was not a trial *de novo*, as appellee contends, but a limited review provided for in the statute. Upon the court's findings of fact, it was authorized to conclude that the award was excessive and to reduce the amount.

The judgment is affirmed.