No. 23,913.

JOHN H. KINZER, *Appellee,* v. THE WYANDOTTE COUNTY GAS COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Award of Arbitrator—No Lawful Grounds for Setting Aside Findings.* Where a claim under the workmen's compensation act is heard before an arbitrator appointed by the court, the vital question in controversy being whether the claimant is still under disability, and the arbitrator upon sufficient evidence decides that he has fully recovered and is merely simulating incapacity for work, such finding of fact cannot be set aside by the district court without a showing of unfairness or misconduct on the part of the arbitrator.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed February 11, 1922. Reversed.

*A. L. Berger,* of Kansas City, *William S. Hogsett,* and *Murat Boyle,* both of Kansas City, Mo., for the appellant.

*L. O. Carter,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: John H. Kinzer was injured while in the employ of the Wyandotte Gas Company by being struck on the head with a hammer. He applied to the district court to appoint an arbitrator to settle his claim for an allowance under the workmen's compensation act. An arbitrator was appointed who heard the evidence and on March 26, 1921, made findings that as a result of his injury the plaintiff was totally disabled for a period of nine weeks, ending October 5, 1920, but from that time was fully recovered, and had received all the compensation to which he was entitled—$120 and the payment of hospital and doctor's fees. On April 2, 1921, the plaintiff brought this action for a review of the decision of the arbitrator and a modification of the award. A jury was impaneled to which were submitted two questions, which they answered in the affirmative—whether the plaintiff was still totally incapacitated for work as the result of his injury, and whether he would continue permanently to be so totally disabled. Judgment was rendered in his favor for $622.60 in a lump sum and an allowance of $15 a week for the remainder of eight years. The defendant appeals.

The statute does not allow a general appeal from the award of an arbitrator. It gives only a limited review expressed in these words:

"If the court shall find that the award has been obtained by fraud or undue influence or that the committee or arbitrator making the award acted without

authority or was guilty of serious misconduct or that the award is grossly excessive or grossly inadequate or that the incapacity or disability of the workman has increased or diminished, the court may modify such award, upon such terms as may be just, by increasing or diminishing the compensation, . . ." (Laws 1917, ch. 226, § 16.)

The allegations of the petition upon which the setting aside of the award of the arbitrator was asked read:

"Said arbitrator . . . without any authority or right whatsoever, and contrary to the testimony offered by the respective parties hereto, found that the plaintiff had fully recovered from the effects of said injury, and that he was now and ever since said 5th day of October, 1920, had been capable of performing all kinds of manual labor, the same as he had been prior to said accident. That said findings of said arbitrator are without justification or foundation and should be by this court vacated, set aside and nullified . . ."

In the plaintiff's brief it is said that while the petition does not charge and is not intended to charge willful fraud of the arbitrator, it does charge indirect fraud and undue influence.

At the hearing before the arbitrator there was really but one vital controversy to be determined and that was a pure question of fact—whether the plaintiff had recovered from the effects of his injury. This necessarily had to be determined largely from the testimony of physicians. There was abundant medical evidence, including that of two doctors selected by the arbitrator by consent of the parties, that the plaintiff was merely a malingerer—and there was also evidence to the contrary. We find nothing whatever in any part of the record to suggest that the arbitrator acted without authority or that the award was arrived at otherwise than by a fair and candid consideration of the evidence. The hearing in the district court was a reëxamination of the same question of fact upon the same and some additional evidence, and the jury reached a different conclusion from that of the arbitrator. To sustain the finding of the jury in this situation would be merely to substitute its judgment for that of the arbitrator upon an issue of fact decided by him upon conflicting testimony. We do not think this is within the contemplation of the compensation act. The decision of the arbitrator upon issues properly before him is final, except for the limited review provided by the statute. (*Roper v. Hammer,* 106 Kan. 374, 187 Pac. 858; *Wilson & Co. v. Ward,* ante, p. 177, 202 Pac. 862.) It is true that gross inadequacy of an award is one of the grounds upon which it is authorized to be set aside, but if the pretended dis-

ability of the plaintiff was a sham the award was not inadequate, and that fact having been determined by the arbitrator upon sufficient evidence, we do not think the finding can be set aside without some showing of unfairness or misconduct. As was said in *Roper v. Hammer,* supra, "the nature and extent of the injury were questions of fact for the determination of the arbitrator." (p. 378.) To hold otherwise would be practically to allow a reëxamination of specific issues of fact fairly determined by the arbitrator, and make arbitration a superfluous and futile part of the machinery for the carrying out of the provisions of the compensation act.

The judgment is reversed and the cause remanded with directions to render judgment in accordance with the award of the arbitrator.