No. 24,936.

JOHN H. KINZER, *Appellant*, v. THE WYANDOTTE COUNTY GAS COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Finality of Decision of Arbitrator.* Under the workmen's compensation act, the decision of an arbitrator, duly appointed, is final in whatever issues are properly referred to him, except for the limited review provided by statute.

2. SAME—*No Showing Authorizing the Setting Aside of Findings and Decision of Arbitrator.* Where a claimant under the compensation act made application for the appointment of an arbitrator, who was duly appointed by the district court, the question being whether the claimant was still under disability, and the arbitrator heard the evidence, made findings of fact to the effect that the claimant was totally disabled for a specified number of weeks, following which he was fully recovered and had received all the compensation to which he was entitled, the claimant cannot, after the expiration of six months have such finding of fact set aside by the district court without a showing of unfairness or misconduct on the part of the arbitrator. Following *Kinzer v. Gas Co.*, 110 Kan. 574, 204 Pac. 999.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed October 6, 1923. Affirmed.

*L. O. Carter*, of Kansas City, for the appellant; *Judson S. West*, of Kansas City, of counsel.

*A. L. Berger*, of Kansas City, *William S. Hogsett*, and *Murat Boyle*, both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The plaintiff appeals from an order of the district court overruling his motion for a review of a judgment previously rendered.

The plaintiff was injured while in the employ of the defendant. On his application to the district court an arbitrator was appointed, who heard the evidence, and on March 6, 1921, made findings that, as a result of his injuries, the plaintiff was totally disabled for a period of nine weeks ending October 5, 1920, from and after which time he had fully recovered; that he had received all compensation to which he was entitled. April 2, 1921, he brought an action for review of the decision of the arbitrator and a modification of the award. Judgment was rendered in his favor by the district court,

but was reversed on appeal to this court. (*Kinzer v. Gas Co.,* 110 Kan. 574, 204 Pac. 999.) It was there said:

"The hearing in the district court was a reëxamination of the same question of fact upon the same and some additional evidence, and the jury reached a different conclusion from that of the arbitrator. To sustain the finding of the jury in this situation would be merely to substitute its judgment for that of the arbitrator upon an issue of fact decided by him upon conflicting testimony. We do not think this is within the contemplation of the compensation act." (p. 575.)

Following the entry in the district court of the judgment of this court, plaintiff there filed this motion, from the overruling of which he now appeals:

"Comes now L. O. Carter, attorney for the plaintiff herein, and moves the court to set down for hearing a review of the judgment heretofore entered in the above entitled cause, inasmuch as more than six months has expired since said judgment was entered, as is allowed and permitted by law."

Section 20 of chapter 226 of the Laws of 1917 reads, in part, as follows:

"A workman's right to compensation under this act may, in default of agreement or if the employer shall have refused to consent to an arbitration of the workman's claim for compensation, be determined and enforced by action in any court of competent jurisdiction, but no such action shall be maintained until and unless the workman shall have consented to an arbitration or applied to the court as hereinbefore provided for an arbitrator. The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue, or in the discretion of the trial judge, for periodical payments, as in an award: *Provided,* In no case shall a lump sum judgment be rendered for any injury not ascertainable by objective examination, but in such cases the court may order periodical payments during incapacity of such sums as may be due under the provisions of section 4 of this act, and such judgment may be reviewed at any time after the expiration of six months upon application of either party, and the amount allowed by the court reduced or raised in accordance with the evidence introduced at the time of such review."

The judgment which the plaintiff seeks to have reviewed is not a judgment entered in an action to determine the workman's right to compensation "in default of agreement," or where "the employer has refused to consent to an arbitration." Nor was it a judgment providing for "periodical payments during incapacity." The plaintiff is here seeking to review a judgment rendered in an action to review an arbitration and award.

A construction of the compensation act sought by the plaintiff would permit successive reviews every six months for eight years.

We do not believe the legislature contemplated such a procedure. It has been repeatedly held that the decision of the arbitrator, upon issues properly before him, is final except for the limited review provided by the statute. (*Roper v. Hammer,* 106 Kan. 374, 187 Pac. 858; *Wilson & Co. v. Ward,* 110 Kan. 177, 202 Pac. 862; *Kinzer v. Gas Co.,* supra; *Crawn v. Packing Co.,* 111 Kan. 573, 207 Pac. 793; *Tidwell v. Schaff,* ante, p. 255.) In the former hearing in this court it was held that nothing was shown to authorize the setting aside of the award of the arbitrator. The arbitrator, after a full hearing, found that plaintiff had fully recovered from his injury. The situation has not changed.

The judgment of the district court overruling plaintiff's motion, is affirmed.