No. 25,888.

CHRIS ALBERTSEN, *Appellant,* v. SWIFT & COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Adequacy of Compensation.* One of the grounds for the review of an award of compensation to an injured workman is gross inadequacy, and that being clearly made to appear the court may modify or set it aside as the evidence may warrant.

2. SAME—*What Constitutes Inadequacy of Compensation.* Under the statute gross inadequacy is one which is beyond reason, one which shocks the sense of justice, and evinces a lack of fair and intelligent consideration.

3. SAME—*Findings of Arbitrator—Evidence.* A finding of fact by an arbitrator upon the question of inadequacy manifestly determined upon a fair consideration of conflicting evidence will not be set aside by the court upon review, although it might have come to a different conclusion than the arbitrator in an examination of the same evidence.

22—117 KAN.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 6, 1924. Affirmed.

*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, Mo., for the appellant.

*Russell Field,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves a phase of the workmen's compensation law. Chris Albertsen, a carpenter employed by Swift & Company, was injured in the service of the defendant. It is conceded by the defendant that he was entitled to some compensation under the act, and by agreement of the parties it was stipulated that the claim should be settled by arbitration. The stipulation was:

"That Charles A. Blair shall have the power not only to fix the amount of compensation, if any, but to find the character and quality of the disability, if any, and to fix the period, if any, for which payments of compensation, if any, shall run, and any and all other questions which may arise in said cause."

Upon the testimony taken the arbitrator found that Albertsen had sustained injuries which totally incapacitated him from performing work for a period of fourteen weeks, ending June 12, 1923, and further that he should be allowed compensation at the maximum rate of $15 per week. It was also found at the hearing had in June, 1923, that he had fully recovered from the injuries sustained and was not entitled to anything for partial disability. The fourteen weeks period having expired before the hearing and award, and there being a complete recovery, there was of course no allowance for future disability. The amount of the award was tendered to the claimant, who at first refused to accept it, but later did accept the amount awarded from the clerk to whom it had been paid by the defendant. The plaintiff applied to the district court to review the award, alleging that the amount was grossly inadequate. Testimony similar to that produced before the arbitrator was presented, but the court sustained the findings of the arbitrator.

Plaintiff contends that a review of the award is not barred by the finding of the arbitrator, and that in this instance it should have been set aside for inadequacy. Gross inadequacy is one of the few statutory grounds for a review and modification of an award, and when this element is shown the court has ample authority to modify or set it aside. To warrant a review, however, more than mere inadequacy must appear. A gross inadequacy is one which is beyond

reason, one which shocks the sense of justice and evinces a lack of fair and intelligent consideration. (4 Words and Phrases, 3167.) No such showing was made here. There was a conflict in the testimony which left it open to different inferences as to the fact of adequacy, but we discover nothing that tends to show that the arbitrator was actuated by fraud, undue influence, or that the award was arrived at otherwise than by a fair and candid consideration of the evidence. Under the circumstances the finding of the arbitrator on the disputed fact is final, but of course a finding cannot be final where gross inadequacy or other element which furnishes a ground for a review under the statute is shown. Where the arbitrator has in good faith made a finding of fact based upon conflicting testimony, the court is not warranted in setting the award aside even if it might have come to a different conclusion than was reached by the arbitrator upon such evidence. As held in *Kinzer v. Gas Co.*, 110 Kan. 574, 204 Pac. 999, the fact having been determined by the arbitrator upon sufficient evidence, his finding cannot be set aside without a showing of flagrant inadequacy which warrants an inference of unfairness or misconduct. See, also, *Roper v. Hammer*, 106 Kan. 374, 187 Pac. 858.

Following the rule in the Kinzer case, the judgment in this must be affirmed.