No. 26,120.

FELIX CORVI, *Appellee*, v. J. R. CROWE COAL AND MINING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Award—Successive Reviews and Modifications.* The workmen's compensation act provides that at any time before final payment of an award has been made the award may be reviewed, and if the court shall find that incapacity of the workman has increased, the award may be modified accordingly. This provision authorizes review and modification of an award which has been previously reviewed and modified.

2. SAME—*Award—Review and Modification—Increased Disability.* Upon review of an award, the court modified it to provide compensation for temporary disability. In a subsequent proceeding to review the award the court found the disability was permanent, and modified the award to provide compensation for the full period for which compensation may be allowed. *Held*, the workman's disability had increased within the meaning of the workmen's compensation act.

3. SAME—*Limitation Upon Modification of Judgments.* The term limitation upon modification of judgments rendered pursuant to the civil code does not apply to proceedings to review and modify awards of compensation.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLEY, judge. Opinion filed July 11, 1925. Affirmed.

*C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* all of Pittsburg, for the appellant.

*Phil H. Callery, J. E. Callery, Sylvan Bruner* and *Caroline A. Lowe,* all of Pittsburg, for the appellee.

1. Workmen's Compensation Act, C. J. § 151.   2. Id., C. J. § 151.   3. Id., C. J. § 151.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one to obtain review and modification of an award of compensation which had previously been twice reviewed and modified. Plaintiff prevailed, and defendant appeals.

Plaintiff was injured in June,.1920. Arbitration was agreed to, and an award was made of compensation for total incapacity to perform labor which had continued until the hearing, and for partial incapacity which would probably continue until June 16, 1921. Defendant paid the installments of the award as they fell due, and on June 20, 1921, gave plaintiff a check for the final installment of $32.50. Plaintiff accepted the check and executed a final receipt for the full amount of compensation, $742, and the release from liability provided for by the workmen's compensation act (R. S. 44-527). Defendant filed the release with the clerk of the district court, as the statute permits, and so far as defendant then knew, it had fully discharged its obligation to plaintiff. The fact was, defendant's troubles had just commenced.

Plaintiff did not cash the check for the final installment of the award. On October 11, 1921, he commenced an action to set aside the release on the ground it was procured by fraud, and for compensation.for permanent total disability. No reference was made to the arbitration or to payment of the award; there had been no fraud in procuring the release, and probably realizing the case made by the petition would not stand, plaintiff amended his pleading.

The amended petition, filed April 1, 1922, contained some groundless charges against the arbitrator, the arbitration proceeding, and the transaction involving execution of the release, but the petition alleged that the award was grossly inadequate, that plaintiff's incapacity had increased, and that final payment of the award had not been made. The prayer was for review and modification of the award. The court might have found that the check given by defendant in good faith for the final installment of the award was accepted by plaintiff as cash, that the award had been paid, and consequently that the action was barred under the statute, which reads as follows:

"At any time before the final payment has been made under or pursuant to any award . . . it may be reviewed by the judge of the district court having jurisdiction, upon the application of either party, . . . and if the court shall find . . . that the award is grossly excessive or grossly inade-

quate, or that the incapacity or disability of the workman has increased or diminished, the court may modify such award, upon such terms as may be just, by increasing or diminishing the compensation. . . . " (R. S. 44-528.)

The court did not find, however, that final payment had been made, and on June 29, 1922, it reviewed and modified the award. The findings were that plaintiff was totally incapacitated for labor, that total incapacity would continue until January 28, 1923, that plaintiff would be partially incapacitated until June 28, 1925, and that the award was grossly inadequate. Judgment was rendered pursuant to the findings, and jurisdiction to further review and modify the award was expressly reserved. Defendant appealed from the judgment, but did not prosecute the appeal to effect, and the judgment was affirmed.

The mandate of this court directing the district court to carry into effect the judgment of June 29, 1922, was issued on March 6, 1923, and on April 7, 1923, plaintiff commenced a proceeding to review and modify the award. On July 31, 1923, the court modified the award a second time. The modification consisted in increasing the compensation allowed for temporary partial disability between October, 1923, and October, 1924, from $8 to $10 per week, and defendant submitted to the modification.

On May 31, 1924, plaintiff filed a petition to review and modify the award. The grounds were that plaintiff's incapacity had increased, that he was permanently and totally disabled, and that the award was grossly inadequate. The answer presented a history of the case, asserted that the subject of the proceeding was *res judicata,* and denied authority of the court to act further. After a trial the court found that plaintiff is permanently partially disabled, and awarded compensation at the rate of $10 per week for a period of 190 weeks after October 28, 1924 (the remainder of eight years). From this judgment the present appeal was taken to obtain decision of two questions of law: May plaintiff have successive reviews of an arbitrator's award, and may the court modify a judgment modifying an award after the term at which the judgment was rendered has expired?

The portion of the statute applicable to the proceeding under review has been quoted. It will aid exegesis to present the entire section:

"At any time before the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the judge of the district court having jurisdiction, upon the ap-

plication of either party, and in connection with such review the court may appoint a physician or surgeon or two physicians or surgeons to examine the workman and report to the court, and the court shall hear all competent evidence offered, and if the court shall find that the award has been obtained by fraud or undue influence or that the committee or arbitrator making the award acted without authority or was guilty of serious misconduct or that the award is grossly excessive or grossly inadequate, or that the incapacity or disability of the workman has increased or diminished, the court may modify such award, upon such terms as may be just, by increasing or diminishing the compensation, subject to the limitations hereinbefore provided in this act; and if the court shall find that the workman has returned to work for the same employer in whose employ he was injured, or for another employer, and is earning the same or higher wages than he did at the time of the accident or injury, or is gaining an income from any trade or employment which is equal to or greater than the wages he was earning at the time of the accident or injury, or shall find that the workman has absented himself and continues to absent himself so that a reasonable examination cannot be made of him by a physician or surgeon selected by the employer, or has departed beyond the boundaries of the United States or Dominion of Canada, the court may cancel the award and end the compensation: *Provided*, That the provisions of this section shall not apply to awards of compensation provided for in the schedule of specific injuries in section 3 of this act." (R. S. 44-528.)

The purpose of the workmen's compensation act was to compensate a workman for disability to earn wages by means of the work at which he was employed. Award of compensation as the result of arbitration may not be for payment of a lump sum, except as to the sum due at the time of the award. The remainder of the compensation is payable in installments, payment of which shall continue for a specified length of time (R. S. 44-525). What effect an injury will have on capacity to work is necessarily a matter of prediction in most cases. The arbitrator's prediction may not accord with the facts disclosed by lapse of time. Capacity may increase or may diminish beyond what the award contemplated, and compensation should be adjusted accordingly. Therefore, review and modification of the award are provided for at the instance of either employer or employee. A modified award is still likely to rest on prediction, and if the prediction should prove to be wide of the truth, further adjustment to accord with the facts ought to be made. To illustrate: A workman receives an injury to his foot, and compensation is awarded contemplating full recovery in a year from date of the award. Before final payment it becomes manifest that consequences of the injury will persist beyond the year, and the award is modified. Afterwards necrosis is discovered, necessitating amputation. The modified award should be reviewed and modified,

and the only time limitation stated in the statute for adjusting compensation to increased or diminished capacity is "any time before final payment has been made."

In this instance, what was believed to be temporary disability, which would cease altogether by June, 1925, has been found to be permanent. While in one sense the disability has remained constant, it has increased in the sense that it will continue to the end of the period for which the statute allows compensation, three years longer than the district court last predicted. This being true, the court concludes that plaintiff's disability has increased, within the meaning of the statute. There is fair basis for the further conclusion that compensation for permanent disability, classified in such a way (as temporary disability) that the workman would be deprived of compensation for three years, is grossly inadequate.

Whether the award was procured by fraud or undue influence, and whether the arbitrator acted without authority or was guilty of serious misconduct, depends on past facts which the future may not change, and is determinable once for all. There is no element of prophecy in the determination, and in such cases successive reviews are not permitted. The principle was recognized in the case of *Kinzer v. Gas Co.,* 110 Kan. 574, 204 Pac. 999, and 114 Kan. 440, 219 Pac. 278. In the Kinzer case the arbitrator allowed compensation for nine weeks and found the claimant had fully recovered. In a proceeding to review the award the jury found the claimant was still disabled and a judgment for compensation was rendered in his favor. The judgment was reversed because the decision of the arbitrator was final, except for the limited review provided by the statute. (*Kinzer v. Gas Co.,* 110 Kan. 574.) Afterwards the claimant applied to the district court for review and modification of the award. What the claimant desired was judgment of the court on the issue determined by the arbitrator, and not judgment of the court upon a new issue raised by charge of fraud, undue influence, action without authority, serious misconduct, or change in capacity to work. The decision was that successive reviews were not permissible. (*Kinzer v. Gas Co.,* 114 Kan. 440.)

Insasmuch as the special procedure provided by the workmen's compensation act contemplates successive reviews of awards to meet changed conditions, the term limitation upon modification of judgments rendered pursuant to the civil code does not apply.

The judgment of the district court is affirmed.