No. 26,093.

TOM BREWER, *Appellee and Appellant*, v. THE VINEGAR HILL ZINC COMPANY, *Appellant and Appellee.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Award of Arbitrator—Authority of District Court to Review.* Defendant moved the district court to review and modify an award of compensation for permanent partial disability, on eight grounds. The first was that the arbitrator acted without authority; the second was that the award was grossly excessive; the others were not grounds recognized by the statute providing for review of awards: *Held,* the district court was without authority to consider any except the first two.

2. SAME—*Authority of Arbitrator.* The proceedings considered, and *held,* the arbitrator acted with authority and the award was not grossly excessive.

3. SAME—*Award—Authority of Appellate Court to Review Evidence.* Plaintiff moved the court to review and modify the award on the ground it was grossly inadequate because the disability was total, not partial, and the motion was denied. The finding relating to disability depended on the credence and weight given by the arbitrator to conflicting oral testimony: Held, this court is not authorized to interfere.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed October 10, 1925. Affirmed.

*A. B. Keller, George R. Malcolm, R. L. Robertson,* all of Pittsburg, *Al. F. Williams* and *D. H. Elleman,* both of Columbus, for the Vinegar Hill Zinc Company.

*C. E. Rumery,* of Baxter Springs, and *E. B. Morgan,* of Galena, for Tom Brewer.

The opinion of the court was delivered by

BURCH, J.: Defendant appeals from an order of the district court denying a petition to review an award of compensation. The contested issue was whether the workman was an employee of defendant, or an independent contractor.

The order appointing the arbitrator expressly referred to him the subject whether, if accidental injury occurred, it arose out of and in the course of employment. No objection was made to the reference, and after a full hearing the arbitrator found the relation between the parties was that of employer and employee. The facts upon which the ultimate finding was based were stated in detail. The petition to review enumerated the following grounds:

1. Workmen's Compensation Act, C. J. § 107; L. R. A. 1916A, 178; 28 R. C. L. 826.   2. Id., C. J. § 107.   3. Id., C. J. § 107.

"First. That the arbitrator making the award acted without authority.

"Second. That the award made by the arbitrator is grossly excessive.

"Third. That there was no competent testimony upon which to base the award made by the arbitrator.

"Fourth. That the award of the arbitrator is not supported by the testimony and the evidence.

"Fifth. That the findings of fact made by the arbitrator are not supported by the testimony and the evidence.

"Sixth. That the findings of fact are contrary to the evidence.

"Seventh. That the conclusions of law and the award made by the arbitrator are contrary to the evidence.

"Eighth. That the conclusions of law and the award made by the arbitrator are contrary to law."

The first and second grounds only are within the statute providing for review of awards. As indicated above, the arbitrator was expressly authorized to determine whether the workman was an employee or an independent contractor. Whether the award was excessive was not material to that subject, and the district court lacked authority to consider any other ground for review proposed by the petition. (R. S. 44-528; *Vollalobos v. Packing Co.,* 105 Kan. 106, 181 Pac. 599; *Roper v. Hammer,* 106 Kan. 374, 187 Pac. 858; *Wilson & Co. v. Ward,* 110 Kan. 177, 202 Pac. 862; *Kinzer v. Gas Co.,* 110 Kan. 574, 204 Pac. 999; *Crawn v. Packing Co.,* 111 Kan. 573, 207 Pac. 793.)

The case of *Dunnigan v. Coal Co.,* 115 Kan. 57, 222 Pac. 109, is cited as indicating that the statutory limitation upon review of awards is not always observed. In that case the questions determined were raised by a demand for present investigation of the claimant's disability, a subject open to investigation at any time before final payment of the award. (R. S. 44-528; *Corvi v. Crowe Mining Co.,* 119 Kan. 244, 237 Pac. 1056.) Plaintiff then admitted his disability ceased on a stated date, and the court modified the award pursuant to the admission. In this court the contention was, not that the court lacked power to modify the award, but that the modification made was based on an erroneous interpretation of the workmen's compensation act.

The court referred the following subjects to the arbitrator:

"6. The amount of plaintiff's earnings for the year preceding the injury.

"11. The amount of compensation, if any, plaintiff shall be allowed, the duration of same, mode and manner in which payments shall be made. . . ."

The arbitrator made the following findings:

"While I do not agree with Tom Brewer's counsel that he has suffered a

total permanent disability, I do find that he has suffered a partial permanent disability. . . .

"In view of the above findings, I find that the said Tom Brewer, as a result of the injuries received on the 31st day of May, 1923, while in the employ of The Vinegar Hill Zinc Company, has suffered a permanent partial disability; that he was capable of earning, and did earn, $33 per week, and that the disability caused by such injuries amounted to ten thirty-thirds (10/33ds), or a little less than one-third, of his capacity to work and perform manual or other labor, and that the amount he is entitled to receive as compensation is ten dollars ($10) per week."

The statute provides that in case of permanent partial disability the amount of compensation shall be sixty per cent of the difference betwen the amount the workman was earning previous to injury and the amount he· is able to earn after injury, the compensation to be not less than $6 or more than $15 per week in any event. Defendant contends the amount of compensation should have been sixty per cent of $10 per week, or $6 per week.

It will be observed the arbitrator did not find that plaintiff is not able to earn $22 per week, and there was no evidence on which to base such a finding. Plaintiff was employed to sink a mining shaft. He makes a business of doing that kind of work, and before he was injured he did a class of underground manual labor, in sinking shafts, which was paid for at the rate of $5.50 per day, or $33 per week. His evidence was that he is totally disabled from doing that kind of work; that all he can do now is to keep the books and oversee the work. There was some evidence for defendant tending to show plaintiff is not totally or permanently injured, and the arbitrator was not satisfied he is totally incapacitated for work; but there was no evidence definitely establishing the value of such work as he is able to do about the sinking of a shaft. While some incapacity is not disputed, the arbitrator could not well make precise application of the statutory formula, and the result is, the question is simply one of interpretation of the findings. There is no doubt the purpose was to find the proper amount of compensation to be $10 per week, and not to find $10 per week as the basis on which to compute compensation. So interpreted, the finding was within the arbitrator's authority, and the award was not grossly excessive.

Plaintiff moved the court to review and modify the award on the ground it was grossly inadequate, in that it should have been for total disability. The motion was denied, and plaintiff appeals. What plaintiff desired was to have the district court substitute its

estimate of plaintiff's evidence for the estimate placed upon it by the arbitrator, and not to have the court determine any new issue such as the statute authorizing review of awards contemplates. (*Corvi v. Crowe Mining Co.,* 119 Kan. 244, 237 Pac. 1056.) However, in the Corvi case it was said there is fair basis for holding that erroneously classifying permanent disability as temporary, and thereby depriving the workman of proper compensation for a period of years, has the effect of making the award grossly inadequate. Accepting that view, without approving it, and applying it to classification of total disability as partial, the court is not in position to declare that plaintiff's disability was erroneously characterized. The question was one of fact, solution of which depended in part on the credence and weight to be given to conflicting oral testimony. (*Albertson v. Swift & Co.,* 117 Kan. 337, 230 Pac. 1057.)

The judgment of the district court is affirmed.