No. 26,637.

ANTONE POTOCAN, *Appellee*, v. THE HAMILTON COAL AND MERCANTILE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Amount and Period of Compensation—Evidence.* In an action by a workman for compensation for injuries sustained in his employer's coal mine, the record examined and held sufficient to justify the award of the arbitrator allowing the workman compensation for temporary total disability and permanent partial disability.

2. SAME—*Constitutionality of Act—Limitations Upon Appellate Review.* The limitations upon the right to an appellate review of an arbitrator's award under the workmen's compensation act is not a denial of due process of law nor does it render the act subject to any constitutional infirmity—following *Shade v. Cement Co.,* 93 Kan. 257, 144 Pac. 249.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed February 6, 1926. Affirmed.

*W. E. Ziegler, A. M. Etchen* and *Carl E. Ziegler,* all of Coffeyville, for the appellant.

*Sylvan Bruner,* of Pittsburg, for the appellee.

Workmen's Compensation Acts, C. J. pp. 10 n. 51, 16 n. 18, 118 n. 82; 6 A. L. R. 1562; 28 R. C. L. 742.

Potocan v. Hamilton Coal and Mercantile Co.

The opinion of the court was delivered by

DAWSON, J.:   The plaintiff sustained a double rupture and other alleged injuries in his employer's coal mine: The employer paid him compensation at the rate of $15 per week for ten weeks, and then quit paying on the assumption that plaintiff had fully recovered.

Plaintiff applied to the district court for the appointment of an arbitrator. This was granted. Lay and professional witnesses testified and were cross-examined by the litigants before the arbitrator, who found that plaintiff was totally incapacitated as the result of an accident while he was engaged as a workman in defendant's coal mine, and found such total disability would continue for another year, and would be followed permanently by partial disability. An award was based thereon to be paid in a lump sum for the accrued and accruing payments during total disability and in periodical payments thereafter.

The district court overruled defendant's motion to set aside the award, and error is now assigned thereon, it being contended that "the evidence shows no disability, and that the workman was not entitled to an award for *any* compensation."

We shall not stop to repeat what has been so often said elsewhere about the limitations to any review of an arbitrator's award, either in the district court or this court. But see R. S. 44-528; *Villalobos v. Packing Co.,* 105 Kan. 106, 181 Pac. 599; *Kinzer v. Gas Co.,* 110 Kan. 574, 204 Pac. 999; *Tidwell v. Schaff, Receiver,* 114 Kan. 255, 217 Pac. 702; *Kinzer v. Gas Co.,* 114 Kan. 440, 219 Pac. 278; *Albertsen v. Swift & Co.,* 117 Kan. 337, 230 Pac. 1057; *Brewer v. Vinegar Hill Zinc Co.,* 119 Kan. 355, 239 Pac. 762; *Vargo v. Potentler, post,* p. 331.

However, a careful perusal of the abstracts discloses evidence to this effect:

Before his injury, plaintiff had been in good physical condition and earning $10 per day as a miner. Now, notwithstanding he has undergone a surgical operation for double rupture, he is still unable to work on account of pains which extend from his hip bones clear around to the small of his back. His hip joints "bother" him when he moves. "It feels like something turned around inside . . . his bones feel like there was sand in them. . . . There is gripping and like fire."

Defendant stresses the evidence which tended to show that plaintiff's present afflictions had no casual relation to his injuries in his employer's service, but were of a hypertrophic, osteoarthritic character due to some low grade infection. Not all of the expert testimony was unqualifiedly to that effect, however. One doctor who agreed that the plaintiff was suffering from osteoarthritis was of opinion that his injury in the mine had aggravated the consequences naturally flowing from that disease. On cross-examination this doctor also testified:

"Q. But this man's arthritis is not traumatic?  A. I don't know. . . . .

"Q. And if he complained at the time he received this hernia, he evidently had it long before that, didn't he?  A. Yes; if there was no traumatism to that region at the time of the injury.

"Q. Well, traumatism didn't cause that immediately, did it?  A. No; it would start it, precipitate it, if a man had some infection in his body, then he might get infection secondary to traumatism."

Another doctor testified:

"A. Well, it [plaintiff's disability] could be due to a breaking up of this osteoarthritis, or due to following hernia operation, due to weakening of the abdominal muscles, or adhesions, or due to both of them, both the osteoarthritis and adhesions following the hernia. . . .

"Q. And, doctor, I will ask you whether in your opinion, a severe muscular strain or twist of the body, such as could be caused by lifting on a coal car weighing about five hundred pounds, on one end of it, it being so heavy that the man was unable to lift it, I will ask you whether or not that type of a muscular strain, in your opinion, could break up an osteoarthritis.  A. It certainly could."

Asked if he had an opinion of the cause of the chronic pains which attended all twisting movements of plaintiff's body, the doctor answered affirmatively:

"Q. What is that opinion, doctor?  A. Probably due to adhesions and the weakening of the abdominal muscles, more so to adhesions.

"Q. And is it quite often a common experience, doctor, for adhesions to arise in operations for hernia.  A. It is.

"Q. And those arise, doctor, even though the physician has given the best care and surgical and medical attention to it, doctor?  A. Yes, sir."

It is not contended that the plaintiff has not been disabled to the extent determined by the arbitrator; and certainly enough of the testimony has been cited to demonstrate that defendant's contention as to its insufficiency to sustain the award cannot be sustained. (*Trowbridge v. Wilson & Co.,* 102 Kan. 521, 170 Pac. 816; *Bidnick v. Armour & Co.,* 113 Kan. 277, 214, Pac. 808. And see, also, *Bortnick v. Cudahy Packing Co.,* 119 Kan. 864, 241 Pac. 442.)

Guison v. Hamilton Coal Co.

On defendant's behalf it is suggested that unless the workmen's compensation act is construed to grant the same broad review from the award of an arbitrator as that allowed in ordinary civil cases, it amounts to a denial of due process of law and would be subject to constitutional infirmities. That objection, however, has been so effectively disposed of in repeated adjudications, both state and federal, that the point is no longer tenable. Indeed, from the first adoption of these compensation statutes, the decisions, which sometimes balked and hesitated at those statutes which were compulsory, were invariably of one accord that those like ours which were optional with employer and employee were subject to no constitutional infirmity. (*Shade v. Cement Co.*, 93 Kan. 257, 144 Pac. 249; 28 R. C. L. 742. And, see, *New York Central R. R. Co. v. White*, 243 U. S. 188, and notes thereto in 61 L. Ed. 667.)

The judgment is affirmed.