No. 26,821.

VERNON WOOD, *Appellee,* v. THE EAGLE-PICHER LEAD COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Authority of Arbitrator — Estoppel to Deny.* In a workmen's compensation case a party who agreed upon an arbitration and upon the person appointed to act as arbitrator and participated in a trial before him, is not in a position to complain that the arbitrator was without authority to act in that capacity.

2. SAME—*Review of Award—Evidence.* The complaint that the trial court refused to consider the evidence upon an application for a review is not shown by the record.

3. SAME—*Findings of Arbitrator—Conclusiveness of Findings.* The findings of the arbitrator on the questions of fact submitted to him are final and not open to review except as to those within the limited review given by statute.

4. SAME—*Sufficiency of Evidence.* The evidence examined and found to be sufficient to sustain the findings of the arbitrator as to the disability of the workman, and upon that basis the award is held not to be excessive.

5. SAME—*Findings of Arbitrator—Conclusiveness.* No fraud being shown nor unfairness in the action of the arbitrator, the findings of the arbitrator as to the disability of the workman is held to be conclusive.

6. SAME—*Review of Award—Additional Witnesses.* Application to call additional medical witnesses may be granted upon a review if the showing and circumstances brought to the attention of the court warrant it, but it is not required to be done upon the mere application of a party regardless of the facts and circumstances of the case.

Workmen's Compensation Acts, C. J. p. 110 n. 23, 24, 27; L. R. A. 1916A, 178.

Wood v. Eagle-Picher Lead Co.

Appeal from Cherokee district court; Frank W. Boss, judge. Opinion filed May 8, 1926. Affirmed.

*Edward E. Sapp,* of Galena, for the appellant.

. *Charles Stephens* and *Frank E. Dresia,* both of Columbus, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This proceeding was brought under the workmen's compensation law. There was a recovery by Vernon Wood, and defendant, the Eagle-Picher Lead Company, appeals.

Plaintiff was an employee of the defendant, and on August 4, 1924, while working in defendant's mine, suffered an injury to his back. Compensation was paid to him by defendant from August 11, 1924, to December 1 of that year at the rate of $12.60 per week, which was sixty per cent of the wages he had been receiving. Payments were suspended on December 1, the defendant claiming that he had been cured of his injury and was no longer entitled to compensation. The plaintiff then proposed arbitration, but the offer was not accepted, whereupon this action was brought in which plaintiff alleged that the injury had caused a permanent disability, and that he was entitled to compensation during the statutory period at the rate of .$12.60 per week.

Defendant answered, admitting that plaintiff had been slightly injured while working in its mine, but had recovered from the injury, and that it had paid compensation to him until it was notified that counsel had been employed to bring an action in his behalf. After a trial was commenced, the parties agreed that the questions should be arbitrated, and an arbitrator was agreed upon. Later a trial was had before the arbitrator, and it was found that the plaintiff had received an accidental injury which arose out of and in the course of plaintiff's employment by defendant. The injury, it was found, was a straining of the back in the lumbar region, caused by slipping while doing heavy lifting; that his average weekly earnings were $21 per week, and that the result of the injury was permanent total disability, which entitled him to compensation for a period of 415 weeks in the sum of $12.60 per week. There was a further finding that compensation had been paid plaintiff by the defendant in the sum of $201.60. It was further found that the plaintiff was entitled to $428.40, compensation due from December 21, 1924, to July 27, 1925, which should be paid in a lump sum, and thereafter he should

be paid the sum of $12.60 per week for a period of 365 weeks. A motion was made to modify or set aside the report of the arbitrator, which was overruled and judgment entered.

Among other complaints the defendant contends that no legal arbitration was had because the proper preliminary steps were not taken to obtain one. The arbitration was not compulsory, as it was agreed upon by the parties, and the defendant joined in an agreement as to the person who should serve as arbitrator, and also participated in the trial before him. In these circumstances the defendant is not in a position to question the validity of the appointment or the authority of the arbitrator.

There is a contention that the court refused to review the testimony on defendant's challenge of the justice of the award. The record does not bear out the claim. On the contrary, it tends to show that the evidence was considered by the court. The decision of the arbitrator on the question submitted was final except as to matters which the statute provides shall be open to review. Among these are fraud, undue influence, serious misconduct of the arbitrator and grossly excessive award. The defendant questions, as we have seen, the authority of the arbitrator, a claim without merit, and also serious misconduct of the arbitrator, and that the award was grossly excessive. In the state of the record it must be assumed that the court properly considered and decided the questions raised by the defendant. In the absence of a showing to the contrary the presumption must be indulged that the court has followed the law and given due consideration to the evidence applicable to questions that were open to review. As to the charge of misconduct on the part of the arbitrator, nothing was shown beyond the findings made. It devolved upon the defendant to establish the misconduct charged and not upon the plaintiff to show that the charge was unfounded. (*Roper v. Hammer,* 106 Kan. 374, 187 Pac. 858.) Nothing approaching misconduct was shown.

The claim of excessive award rests on disputed testimony relating to the extent of the injury. Several physicians were brought forward by the respective parties, who testified on the subject, and also an operator of an X-ray machine; and the testimony of these was conflicting. Afterwards the arbitrator suggested that if parties would consent he would appoint two additional physicians of his own selection to examine the plaintiff's present condition, and consent being given the examinations were made and these physicians testified. On

the whole testimony the arbitrator found that the injury sustained was serious, and as a result the plaintiff was permanently and totally disabled, and these findings were confirmed by the court.

We cannot say that the findings are not supported by the evidence, and the award is no more than is allowed by law for the disability found, and therefore cannot be regarded as excessive. It is said in the brief that pending the motion to set aside the award, defendant asked the court to reopen the question and take additional testimony to ascertain whether the award was excessive. We are unable to find such a request or a refusal in the record. It is said that the action asked is warranted under the provision in R. S. 44-528. The court had before it the evidence of quite a number of physicians, including the two that the arbitrator had selected, and if a request was made that still others should be called, the court in the exercise of its discretion must have determined that further testimony was unwarranted. The statute provides that the court may upon application of a party for a review appoint a physician or a surgeon, or two physicians, to examine the workmen and report to the court, and if he finds any of the grounds exist which are within the scope of the review he may modify the award. It *may* be done, but that term does not imply that it *must* be done upon application regardless of what is disclosed by the evidence and the circumstances of the case. It is only to be done when the circumstances of the case or changed conditions convince the court that good reasons exist for such action. The finding made by the arbitrator related to the condition of plaintiff up to the time final action was taken, and in the absence of the existence of statutory grounds, his findings were final.

In *Kinzer v. Gas Co.*, 110 Kan. 574, 204 Pac. 999, the arbitrator made a finding that the workman had fully recovered from the injury and was merely simulating incapacity for work. On a review the trial court set aside the award on the ground that plaintiff was shown to be totally disabled, and compensation was awarded on that basis. It was held that the decision of the arbitrator should be treated as final except for the limited review and could not be set aside without a showing of unfairness or misconduct on the part of the arbitrator. While gross inadequacy was treated as a ground of review, it was held that if the pretended disability was a sham, as found by the arbitrator on sufficient evidence, the award was not inadequate, and that the question of fact determined by the arbitrator could not be retried in the district court. So here, the finding of

disability having been made upon sufficient evidence, no fraud having been shown nor unfairness or misconduct of the arbitrator, a retrial of the specific question in controversy in the district court was not warranted.

We find nothing substantial in the champerty charge mentioned in the plaintiff's brief.

The judgment is affirmed.