No. 27,124.

JAMES BONINI, *Appellee*, v. THE CROWE COAL COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Review of Arbitrator's Award — Gross Inadequacy.* An arbitrator found that a workman's total disability extended to February 28, 1925, and his temporary disability extended to August 18, 1925, and awarded compensation for total disability at the rate of $15 per week, and for partial disability at the rate of $6 per week. On application of the workman, alleging the award was grossly inadequate, the district court reviewed the award. The district court found total disability would continue until April 15, 1926, and partial disability would continue for fifty-two weeks more, and awarded compensation for total disability at the rate of $15 per week, and for partial disability at the rate of $10 per week. The award was modified accordingly. The amount of the original award was $426, and the amount of the award as modified was $1,690. *Held,* the district court was not precluded from reviewing the award by the finding of the arbitrator relating to nature and extent of disability.

2. SAME — *Modification of Award—Evidence.* The modification of the award was sustained by evidence, and the original award was grossly inadequate.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed February 12, 1927. Affirmed.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellant.

*P. H. Callery, James E. Callery, Caroline A. Lowe* and *R. L. Robertson,* all of Pittsburg, for the appellee.

---

Workmen's Compensation Acts, C. J. p. 110 n. 22, 24; L. R. A. 1916A, 188; 28 R. C. L. 826.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from action of the district court in reviewing an arbitrator's award of compensation.

The workman was a miner, and his disability was caused by an explosion of gas. The principal dispute before the arbitrator was the extent to which inhalation of hot gas at the time of the accident had affected his lungs, and his general physical condition and ability to work. Radiographs of the lungs were interpreted, and much expert medical testimony was given. The hearing before the arbitrator commenced on August 25, 1925, and the award was made on November 24, 1925. The arbitrator found the workman was totally disabled from October 15, 1924, to February 18, 1925. For this disability compensation was awarded at the rate of $15 per week, amounting to $270. The arbitrator further found the workman was partially disabled from February 18, 1925, to August 18, 1925. For this disability compensation was allowed at the rate of $6 per week, amounting to $156. The total compensation awarded was, therefore, $426. At the time of the award the workman had received compensation in the sum of $270, and because the arbitrator found all disability had ceased before the hearing commenced, the balance of compensation, amounting to $156, was due and payable, and was ordered paid in a lump sum.

The ground of the motion to review was that the award was grossly inadequate. The hearing in the district court occurred on March 26, 1925. The workman testified his condition was worse than it was at the time of arbitration, that he was shorter of breath, and that he was growing weaker all the time. He produced two physicians who had testified at the hearing before the arbitrator, and who had made physical examinations on February 3, 1925. The physicians stated the result of their latest examinations, compared the workman's physical condition with his condition at the time of arbitration, and gave their views regarding the nature and extent of his disability. They agreed plaintiff was suffering from effects of the accident and was unable to work, and one of them expressed the opinion his disability was permanent. The employer introduced no evidence, but contended the fact that plaintiff's disability wholly ceased on August 18, 1925, had been conclusively determined by the arbitrator.

The district court found the workman's total disability extended

Bonini v. Crowe Coal Co.

to April 15, 1926, instead of to February 18, 1925, and found partial disability would extend for a period of fifty-two weeks after April 15, 1926. Compensation for total disability was allowed at the rate of $15 per week. Compensation for partial disability was allowed at the rate of $10 per week, instead of at the arbitrator's rate of $6 per week. The result was, the arbitrator's award of compensation for total disability to February 18, 1925, in the sum of $270, was permitted to stand. Further compensation was awarded for total disability for sixty weeks at $15 per week, amounting to $900, and compensation for partial disability was awarded for fifty-two weeks at $10 per week, amounting to $520. The difference in amount between the original award and the award as modified was the difference between $426 and $1,690.

May an arbitrator's award of compensation be reviewed to ascertain whether the amount of compensation allowed was grossly inadequate?

It may be reviewed. The statute so provides in express terms.

How may review be secured?

By direct application made to the district court before final payment of the award, alleging the award was grossly inadequate.

What elements enter into an award which may affect adequacy?

They are: (1) Nature of disability, whether total or partial; (2) extent of disability, whether permanent or temporary; (3) the average earnings of the workman, to be used as a basis of computation (except in certain special cases). Inadequacy must be found in one or more of these factors, and may result from any one of them.

How may inadequacy be ascertained?

By judicial inquiry, which includes the hearing of all competent evidence offered, and may include reports of physicians appointed by the court to examine the workman.

If inadequacy be discovered, what must the quantitative extent of it be to warrant modification of the award?

It must be gross. The primary question on review is not amount, but integrity of the award. Gross inadequacy affiliates with fraud, undue influence, and transgression of authority. Difference in opinion between district court and arbitrator respecting one or more of the elements of compensation which does not greatly influence the result, is not sufficient. The award must so glaringly fail to measure up to adequacy as to be inexcusable and insufferable.

The foregoing catechism is framed from the workmen's compensa-

tion act and from the decisions of this court interpreting that statute. It is not necessary to review the decisions. The result is, the fact that the arbitrator determined that total disability ceased on February 18, 1925, and partial disability ceased on August 18, 1925, was not conclusive. Nature and extent of disability were factors of compensation which the court was authorized to reëxamine, in response to the challenge of the motion for review. The district court's findings of fact relating to those subjects are supported by evidence, and disclose gross inadequacy of the award.

The judgment of the district court is affirmed.