No. 28,867.

Tom Edwards, *Appellee*, v. Harry Latham and C. E. Latham, Partners as Latham Brothers, *Appellants*.

(281 Pac. 852.)

Opinion filed November 9, 1929.

*Chester Stevens,* of Independence, for the appellants.

*W. N. Banks, O. L. O'Brien* and *W. L. McVey,* all of Independence, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one under the workmen's compensation act. (R. S. 44-501 *et seq.*) The plaintiff prevailed, and defendants appeal.

The facts were substantially as follows: The claimant, fifty-eight years old, while employed in pulling oil-well casing was injured October 19, 1925, by being caught in a rope or cable and thrown on his head and shoulders. He was taken to a hospital at Independence where an anæsthetic was given, and it was determined by the physicians that there was a dislocation of the sternum end of the left clavicle, which was reduced. His left arm was dressed and taped for three or four weeks and afterwards supported in a sling. He continued to complain of pain in his arm and shoulder and the doctor who had set the dislocation again had it X-rayed and gave as his opinion that there was not a permanent injury. Claimant still complained of pain in his arm and shoulder, and believing that something further should be done to relieve him, went, with the approval of the defendant, to another hospital in Independence, where another X-ray was taken, and where the doctors concluded that he had an injury which the others had overlooked, namely, a dislocation of the distal end of the clavicle (the opposite end from the sternum). He was given another anæsthetic March 16, 1926, and was operated on by "cutting down on it and wiring the end of the

clavicle to the acromion process." His arm was put in an aëroplane splint for thirty days, which held his arm upright and was very painful.

He was paid compensation at the rate of $12 per week until August 2, 1926, at which time the company refused further payments. Demand and offer to arbitrate was made, arbitration agreed to, an arbitrator appointed, the case tried and findings made and reported to the district court. The claimant filed a motion to modify the award on the ground that it was grossly inadequate. The motion was presented to the court, evidence offered in support thereof, the motion sustained and hearing had by the court, at the conclusion of which the court took the matter under advisement and later rendered judgment in favor of the claimant for a lump sum of $873.44 and for payments for 266 weeks at $10.80 per week, for permanent partial disability.

While the defendants urge various and sundry alleged errors, the appeal appears to be predicated entirely on the claim that the court erred in considering the claimant's motion to review. It is argued that he should have set out the facts upon which he claimed the right to a review; that his motion should have set out the nature and character of the misconduct charged; that if fraud or undue influence were claimed it was necessary to set it forth in the motion; that the motion did not disclose to the court what award had been made, the character or nature of the award, in what respect it was grossly inadequate nor the facts upon which the claim of gross inadequacy was predicated; that it was fatally defective and that the court was without jurisdiction to entertain it.

We do not concur in defendants' view. The application was made in the language of the statute. Failure to elaborate specific facts under the circumstances, where no application was made for a more definite or complete statement, cannot be held to be fatal.

The defendants offered no evidence on the hearing before the court, but, on the other hand, objected to the introduction of any and all evidence, contending that the court was without jurisdiction. A statement is made that when the matter came on for hearing on the motion to review the findings and report of the arbitrator, the defendants requested the court to make findings of fact. The court did make findings of fact—some nine in number—but the record discloses no application of defendants for any additional findings. The defendants moved to vacate the judgment and moved

for a new trial, contending at all times that the trial court was without jurisdiction to pass upon the matter in review. In our opinion it would serve no useful purpose to discuss the various and sundry points thus raised by the defendants. The trial court was within its power in granting and hearing the matter on review, and upon wholly sufficient evidence presented by the claimant it found that the award of the arbitrator was grossly inadequate. It concluded that the injury was permanent, not temporary as found by the arbitrator; that the average weekly wage was $21 instead of $13; that the claimant should receive a lump sum of $873.44 and $10.80 per week for 266 weeks, whereas the arbitrator found he was fully paid. This was a sufficient finding that the award of the arbitrator was grossly inadequate.

The requirements for review are well stated in *Bonini v. Crowe Coal Co.,* 122 Kan. 731, 253 Pac. 570. The inadequacy must be gross. We are of the opinion it was shown to be so here. The evidence submitted to the court showed that the claimant had submitted to two anæsthetics and two extremely painful operations. The first surgeon dismissed him as cured; the second discovered a dislocation overlooked by the first. His arm had been in tape and bandages and aëroplane splints for months. He had suffered great pain; was discouraged and dejected. There was such a vast difference between the findings of the arbitrator and the court that we are persuaded the arbitrator's finding was grossly inadequate within the meaning and intent of the statute. (*Albertsen v. Swift & Co.,* 117 Kan. 337, 230 Pac. 1057; *Bonini v. Crowe Coal Co.,* supra.)

The judgment is affirmed.