No. 20,347.

B. F. MESSICK, *Appellee,* v. GEORGE P. McENTIRE and RALPH N. McENTIRE, Partners, etc., *Appellants.*

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Personal Injuries—Contributory Negligence of Plaintiff—No Bar to Recovery.*    In an action under the workmen's compensation act (Laws 1911, ch. 218) the admitted facts showed that plaintiff was injured by being caught in the revolving cylinders of a machine while standing in or upon it and applying compressed air for the purpose of cleaning the cylinders.    Covers or hoods were provided for use when the machine was in operation, but in order to clean the machine the covers had to be removed.    The plaintiff could have stood on the ground and applied the air without danger of coming in contact with the revolving cylinders.    On these facts and others stated in the opinion it is held that plaintiff is not barred from the right to recover compensation by the provision of section 1 of the compensation act on the ground that his injury resulted from his deliberate intent to cause the injury or from his willful failure to use a guard provided for him as protection against accident.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge.    Opinion filed April 8, 1916.    Affirmed.

*Edwin A. Austin,* of Topeka, *Adrian F. Sherman,* and *Thad B. Landon,* both of Kansas City, Mo., for the appellants.

*F. T. Woodburn,* of Holton, and *A. E. Crane,* of Atchison, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from a judgment in plaintiff's favor under the workmen's compensation act.

The plaintiff was in the employ of the defendants at their mattress factory in Topeka. He was in charge of a felting machine the cylinders and rollers of which are covered with sharp teeth and prongs to tear cotton apart. In order to protect workmen from injury by these revolving surfaces there are safety covers or hoods which completely cover the cylinders or rolls when in operation. It becomes necessary from time to time to clean the machine because the teeth of the cylinders become matted with cotton. In cleaning the machine the safety covers are removed. Some rolls are removed from the machine and scraped separately with a wire brush. Other cylinders and rolls are not removable and are scraped as they are turned by hand. Compressed air is used to blow out bits of cotton and dust remaining on the surfaces of the cylinders. There is a tube from a tank of compressed air with a hose and nozzle by which the air is applied.

On the morning of the accident the plaintiff took off the five removable cylinders and cleaned them. He then cleaned with the wire brush the remaining cylinders or rolls in the machine, turning each by hand little by little as became necessary. He then put the machine in motion under the power of the factory, applied the air, took the hose and climbed upon the endless belt of wooden slats in the middle of the machine with the cylinders revolving under power beyond his control. In some way he lost his balance, and in trying to save himself struck his hand on the inturning surface of the main cylinder and received his injuries.

There is practically but one contention raised by the defendants, and it is, that the act of the plaintiff in turning on the power and climbing upon the machine after the hoods or covers were removed constitutes a willful failure to use a guard or protection provided by his employer for his protection against accident—a willful failure within the terms of the compensation act which provides that an injury so resulting to the workman shall be disallowed. It is claimed that upon the undisputed evidence the court must assume that plain-

tiff's injury resulted from his deliberate intention to cause the injury.

The workmen's compensation act contains a provision that—

"If it is proved that the injury to the workman results from his deliberate intention to cause such injury, or from his willful failure to use a guard or protection against accident required pursuant to any statute and provided for him, or a reasonable and proper guard and protection voluntarily furnished him by said employer, or solely from his deliberate breach of statutory regulations affecting safety of life or limb, or from his intoxication, any compensation in respect to that injury shall be disallowed." (Laws 1911, ch. 218, § 1.)

The plaintiff testified that he had always cleaned the rolls and cylinders in the same way. We take this to mean, not that he always climbed upon the machine when applying the compressed air, but that he used the air while the machine was in motion. A witness for defendants testified that the machine could not be cleaned without taking off the hoods and that the hoods afforded no protection when the machine was cleaned while running. The foreman of defendants' factory testified that he had frequently seen the plaintiff have the machine running while he used the blower, that he never saw it cleaned any other way, and that he had seen defendants clean it in that manner. No witness testified, however, to seeing any other person do as plaintiff did on the occasion of the accident, that is, get in or upon the machine to use the blower with the machine in operation, and the testimony was that the plaintiff could have stood on the floor and used the air to clean the rolls while the machine was running.

The evidence therefore establishes the fact that in attempting to use the blower with the machine running the plaintiff was following his usual method as well as that in common use by other employees and by defendants. It is conclusively shown that the guards or hoods for protecting employees from injury by the revolving cylinders were not provided for nor intended to afford any protection while the rolls were being cleaned. Therefore, plaintiff's injury did not result from his failure, willful or otherwise, to use the guard or protection provided for him. Of course, it did not result from his "deliberate intention" to injure himself, and the particular provision of the statute relied upon by defendants can not possi-

bly apply. We may concede that, in getting into or upon the machine to apply the air while the machinery was operating rapidly and beyond his control, with the hoods or guards removed, plaintiff was guilty of negligence—probably negligence of a gross kind; but the statute does not make his negligence, gross or ordinary, a bar to his right to recover compensation. Nothing save his *deliberate intention* to cause the injury, his willful failure to use guards or protection provided for him, his deliberate breach of some statutory regulation, or his intoxication can deprive him of his statutory right to compensation for an injury. This is not an action to recover under the factory act, but for compensation under the workmen's compensation act. Doubtless if plaintiff had used the blower while standing on the ground he would not have been injured; but his failure to do so was only negligence.

We agree with defendants' statement in their brief that the question of where the burden of proof rested was immaterial, because "either the admitted facts were sufficient to disallow compensation, or they were not." It is unnecessary, therefore, to consider the alleged errors in the instructions. Upon the admitted facts plaintiff's injury did not result from his failure to use a guard provided for his protection for the reason that he was injured while cleaning the machine at a time when the guards or covers had to be removed.

Defendants' counsel, who are also counsel for an employers' interinsurers association, conclude their brief with one more effort to "thresh out old straw" by protesting against previous decisions where in construing the workmen's compensation act this court has repeatedly held that the legislature meant exactly what it said in the following provision of the act:

"The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due and prospectively due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for periodical payments as in an award." (Laws 1911, ch. 218, § 36. *Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413; *McCracken v. Bridge Co.*, 96 Kan. 353, 150 Pac. 832, modified, 96 Kan. 799, 153 Pac. 525.)

Their contentions that judgments for lump sums are contrary to the spirit and purpose of the act, that this court can control the sound discretion exercised by the trial courts in refusing to render judgments for periodical payments, have

Bank v. Reilly.

not, as counsel suggest, met with our approval. In fact, we have dismissed appeals in compensation cases as being without merit where it was shown that counsel persisted in urging these same contentions as grounds for reversal. (*McCracken v. Bridge Co.*, supra.)

However desirable it may be to have the law read as compensation acts in some states read, that the judgment shall be for periodical payments, and may in the trial court's discretion be rendered for a lump sum, the change can not be made by the courts. The legislature alone possesses the necessary power.

The judgment is affirmed.