No. 21,418.

AMOS E. GALEMORE, *Appellee,* v. THE MONARCH CEMENT COM-. PANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT — *Consistent Findings — Judgment.* The special findings of the court awarding compensation to an injured workman interpreted, and found not to be inconsistent with the judgment rendered.

2. SAME—*Judgment in Lump Sum—Judicial Discretion.* Also held, that such findings do not show an abuse of discretion by the court in awarding compensation in a lump sum.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed July 6, 1918. Affirmed.

*Adrian F. Sherman,* of Topeka, *Altes H. Campbell,* of Iola, and *Thad B. Landon,* of Kansas City, Mo., for the appellant.

*R. B. Smith,* and *C. M. Brobst,* both of Chanute, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Amos E. Galemore recovered judgment against the Monarch Cement Company awarding him compensation in a lump sum for injuries which he sustained while employed in defendant's plant. The court found that plaintiff's average weekly earnings for the year preceding the injury was $10.03, and, finding from the evidence that he was and would be partially incapacitated for labor for a period of eight years, awarded $5 per week for that period, not counting the two weeks following the injury. It amounted to $2,070, and the court provided for a deduction of $551.07, which plaintiff had already received as compensation and for medical treatment.

Defendant claims that the allowance for the eight-year period was not warranted, but in the absence of the evidence the question is not open to review. The case is here upon findings alone, which are included in a memorandum opinion prepared by the trial judge. It is contended that the opinion indicates doubt about the liability of the defendant, and that this finding

Galemore v. Cement Co.

was a mere speculation. This contention is based upon a statement of the judge that—

"It becomes necessary to find whether the plaintiff was and is totally or partially incapacitated for work as a result of such injury; that he was so totally incapacitated for a time is clear, as before stated, but, whether such total incapacity will remain for the period of eight (8) years from the date of the injury, under the testimony, is speculative at best, but I am constrained to hold that for such a period of eight (8) years from the accident, he will be and is partially incapacitated from work as the result of the injury," etc.

The doubt expressed was as to total incapacity for the period named. The judge had just stated that it was clear from the testimony that there had practically been total incapacity from the time of the accident until the trial, but he doubted whether the total incapacity would continue throughout the eight-year period. He was therefore constrained to resolve the doubt in favor of the defendant, and hence gave compensation on the basis of partial incapacity for that time, about which no doubt was expressed. Nothing is found in his opinion that impairs the force of the finding of partial incapacity.

It is next contended that the award of compensation in a lump sum was an abuse of discretion on the part of the court. Cases may be imagined where an award of a lump-sum judgment might constitute an abuse of discretion (*Ackerson v. Zinc Co.*, 96 Kan. 781, 153 Pac. 530), but nothing approaching an abuse of discretion appears in the record of this case.

The judgment is affirmed.