No. 22,416.

LEE ALICE BOYD, *Appellant,* v. THE J. R. CROWE COAL & MINING COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

COMPENSATION ACT—*Death—Arbitration—Form of Award of Compensation—Interpretation of Statute.* The section of the workmen's compensation act which provides that no award shall be or provide for payment of compensation in a lump sum, except such portion of the compensation as shall be found due and unpaid at the time of the award (Laws 1917, ch. 226, § 13), governs the award in an arbitration of compensation to dependents in a case in which injury to the workman resulted in death.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed November 8, 1919. Affirmed.

*Phil H. Callery,* and *F. B. Wheeler,* both of Pittsburg, for the appellant.

*J. J. Campbell, P. E. Nulton,* and *C. O. Pingrey,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to modify an award of compensation. The award was sustained, and the plaintiff appeals.

The plaintiff is the sole dependent of a workman whose injury resulted in death. On her application, the judge of the district court appointed an arbitrator to whom the matter of compensation was referred. The defendant requested the arbitrator to find the cause of death, amount of compensation due, and manner of payment of compensation. The arbitrator awarded the plaintiff the full sum allowed by the compensation act, $3,800. He found that the sum of $135 was due at the time of arbitration, and awarded the plaintiff that sum, to be paid at once. The remainder of the award was as follows:

"The arbitrator further awards to the said plaintiff as further compensation the sum of $3,665, to be paid at the rate of $15 per week until the whole sum shall have been paid; said payment to be made at the same time and place that the said defendant paid the said G. A. Boyd during his lifetime his wages; that is, upon the regular established pay days of said defendant."

The grounds upon which the award was questioned were stated as follows:

"That said arbitrator acted without authority in assuming to apportion the compensation due to the said plaintiff in periodical payments. That if said award is permitted to stand, the rights of this plaintiff will be greatly prejudiced, for the reason that the defendant, if said award is permitted to stand, may, under the provisions of section 5927 of the General Statutes of 1915, as amended by the Session Laws of 1917, relating to workmen's compensation, after the lapse of six months from the date of the death of said G. A. Boyd, redeem the payments prospectively due under the award, by paying a lump sum and receiving a discount of twenty per cent on the sum of $3,410, which discount amounts to the sum of $682."

The prayer was for judgment in favor of the plaintiff for the lump sum of $3,800.

A satisfactory solution of the question presented is unattainable, because it is practically impossible to determine what the legislature intended. A general interpretation of the compensation act not being feasible, the court will undertake to do no more than assemble the most convincing indicia of legislative purpose, and state its conclusion.

The act provides for compensation, and provides methods by which payment of compensation may be compelled. Those methods were fully discussed in the case of *Goodwin v. Packing Co.*, 104 Kan. 747, 180 Pac. 809. In default of agreement, compensation is to be settled by arbitration. In case of arbitration, the only issue, unless others are referred, is the amount of compensation (Laws 1917, ch. 226, § 11). This means that questions such as employment, whether or not the parties were under the compensation act, whether or not the employee suffered injury by accident arising out of and in the course of the employment, and like questions, are not in issue. Either party, however, shall have the right to require the arbitrator to find the character and quality of the disability and the period for which payment shall continue (Laws 1917, ch. 226, § 11).

The contents of the award are prescribed by the statute:

"Every award of compensation . . . shall be in writing, . . . and shall specify the amount due and unpaid by the employer to the workman up to the date of the award, and, if any, the amount of the payments thereafter to be paid by the employer to the workman and the length of time such payment shall continue." (Laws 1917, ch. 226, § 13.)

Boyd v. Mining Co.

Then follows a significant limitation which appears to characterize the remedy by arbitration:

"No award shall be or provide for payment of compensation in a lump sum, except as to such portion of the compensation as shall be found to be due and unpaid at the time of the award, and credit shall be given to the employer in such award for any amount or amounts paid by him to the employee as compensation prior to the date of the award." (Laws 1917, ch. 226, § 13.)

If the remedy by action be pursued, the statute provides as follows:

"The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, *for periodical payments, as in an award.*" (Laws 1917, ch. 226, § 20.)

Italics are used here to emphasize the distinctive character of an award.

Under certain circumstances, the workman or the dependent may go into court and procure a lump-sum judgment on an award. The judgment, however, is limited to eighty per cent of the award, and execution may not issue if the employer secure the judgment by bond and make undiscounted payments according to the award. (Laws 1917, ch. 226, § 17.) After payments under an award have been made for six months, the employer may redeem his liability by a lump-sum payment of eighty per cent of the remainder of the award, (Laws 1917, ch. 226, § 19.)

Section 5907 of the General Statutes of 1915 provides that payments shall be made at the same time and place and in the same manner as wages of the workman were payable, but this section evidently refers to what may be termed the formalities of payment.

In the section relating to the amount of compensation in case injury result in death, it is provided that marriage of a dependent, and arrival at the age of eighteen years of a minor dependent, physically and mentally capable of earning wages, shall terminate compensation. (Laws 1917, ch. 226, § 3.) This indicates that an arbitral award of compensation—which is forbidden to be of a lump sum by section 11—is contemplated in death cases. There is no provision in the statute

which makes a distinction between remedies in cases of death and of disability.

The result would seem to be that in this instance the arbitrator acted within his authority, and that the court was not authorized to interfere with the award on the grounds proposed. The section relating to redemption of liability by the employer appears to have been deliberately inserted in the law, and if it be harsh or unjust to workmen or dependents, the remedy lies in an appeal to the legislature, and not to the courts.

The judgment of the district court is affirmed.