No. 23,678.

THOMAS GILMORE, *Appellant*, v. THE WESTERN COAL & MINING COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Arbitration—Power of Arbitrator to Make Lump-sum Award*. The workmen's compensation act forbids an arbitrator to make a lump-sum award for a schedule injury partial in character and permanent in quality, except for the portion of the compensation due and unpaid at the time of the award.

Appeal from Crawford district court; division No. 1; ANDREW J. CURRAN, judge. Opinion filed April 8, 1922. Affirmed.

*Phil H. Callery*, and *J. E. Callery*, both of Pittsburg, for the appellant.

*W. P. Waggener*, *J. M. Challiss*, *Walter E. Brown*, all of Atchison, and *J. J. Campbell*, of Pittsburg, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation. The injury was a schedule injury—loss of an eye—and the arbitrator awarded

compensation in a lump sum. The court modified the award to one for periodical payments, and the plaintiff appeals.

When the legislature revised the workmen's compensation act in 1917 it provided for payment of compensation for the first week of disability, partial in character but permanent in quality, and then provided as follows:

"Thereafter, compensation in a lump sum shall be paid as provided in the following schedule, . . .

"(15) For the loss of an eye, or the complete loss of the sight thereof, 50 per cent of the average weekly wages during 110 weeks. (Laws 1917, ch. 226, § 3.)

Sections 11, 12 and 13 of the same statute treat of arbitration, and section 13 contains the following provision:

"No award shall be or provide for payment of compensation in a lump sum, except as to such portion of the compensation as shall be found to be due and unpaid at the time of the award, . . ."

The result is, an arbitrator is deprived of power to make a lump-sum award (*Boyd v. Mining Co.*, 105 Kan. 551, 185 Pac. 9), and the provision for lump-sum payment found in section 3 applies only when compensation is settled by agreement or by action.

The judgment of the district court is affirmed.

---

MEMORANDUM DENYING REHEARING.

(Filed May 25, 1922.)

The petition for rehearing calls attention to an inadvertence in statement, which did not result from a misunderstanding of the record, and which had no effect on the decision, the question being one of statutory interpretation. After careful consideration of the arguments presented in the petition for rehearing, the court feels constrained to adhere to the conclusions stated in the original opinion, and the petition is denied.