No. 24,834

FRANCIS DUNNIGAN, *Appellant,* v. THE PETE RUSSELL COAL COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Who May Be Dependents of Deceased Workman—Award of Compensation Properly Terminated.* Assuming, without deciding, that a married man, thirty years of age, having a family consisting of a wife, three children and a mother-in-law, and having a household establishment of his own, could because of temporary physical ailments be classified as a dependent member of the family of his single brother who was two years his junior, the trial court committed no error in terminating an award of compensation when such senior brother's temporary ailments and disabilities had ended and when he was restored to full physical capacity to earn wages for himself and family.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed January 12, 1924. Affirmed.

*Maurice McNeill,* of Columbus, and *C. A. McNeill,* of Carlyle, Ill., for the appellant.

*A. B. Keller, George R. Malcolm,* both of Pittsburg, *A. F. Williams,* and *D. H. Elleman,* both of Columbus, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action purported to be founded on the workman's compensation act.

One Patrick Dunnigan, a single man of twenty-eight years, without children and whose parents were dead, was killed while at work in defendant's coal mine.

The plaintiff, who is his elder brother, thirty years of age, married, having a wife and three children and a mother-in-law constituting his family, made a claim for compensation against the defendant coal company, on the theory and contention that he was a

dependent member of his deceased brother's family under the workmen's compensation act.

The trial court submitted questions at issue to an arbitrator. The plaintiff's evidence tended to show that his deceased brother had lived with plaintiff's family for the three years preceding his death; that for the first two years of this period the deceased had paid to the plaintiff $40 to $50 per month for his board and lodging; but during the year immediately preceding his death he did not pay any fixed amount for board and lodging but simply gave donations to the plaintiff, in sums amounting to $55 to $75 per month. The plaintiff claimant also testified that at and for some time prior to his brother's death he had been ailing with piles, stomach trouble, boils and sore throat, and that these afflictions had prevented him from working regularly for wages and that his personal earnings during the preceding year had been small. It was shown that he was working—hauling ashes—on the day of his brother's death. Claimant admitted that his sore throat only "lasted a. week or so." His other maladies, during the six months preceding his brother's death, had received the attention and treatment of three different doctors—Doctor Griswold treated him for piles, Doctor Hayes for stomach trouble, and Doctor Markham for boils. The services of all these professional men had been dispensed with when this cause was tried.

The arbitrator found, among other matters—

"16. That Patrick Dunnigan left surviving him one dependent under the Workmen's Compensation Law of the State of Kansas; that said dependent was Francis Dunnigan, age 30 years, brother of said Patrick Dunnigan.

"17. That Francis Dunnigan, the claimant, is married, the date of his marriage being Nov. 13, 1909.

"18. That Patrick Dunnigan . . . has been contributing to his support for more than one year at the rate of about seventy dollars ($70.00) per month. . . .

"24. I find that Francis Dunnigan was dependent upon his brother, Patrick Dunnigan, for two-thirds of his support and allow him two-thirds of $3800.00, to-wit $2533.32.

"25. Said compensation to be paid at the rate of $15.00 per week until said full sum of $2533.32 has been paid."

The defendant filed a petition to review and modify the award, challenging the correctness of the findings of fact and of law. Plaintiff filed a motion to confirm the award of the arbitrator. When these motions came on for hearing defendant requested the court for a physical examination of claimant to ascertain "whether or

not Francis Dunnigan is at this time or was at the time of the death of Patrick Dunnigan or subsequent thereto physically or mentally incapable of wage earnings." Plaintiff objected to this, but according to the record—

"Thereupon claimant or plaintiff admits in open court that at the time of the application for the appointment of the arbitrator herein, that claimant was one-half physically incapacitated to do manual labor, but that at the time of the hearing before the arbitrator, to wit, April 18, 1922, said plaintiff was not mentally or physically incapable of wage earning but in fact was and is physically and mentally capable of wage earning."

The record later continues:

"And the court finds from the admission of plaintiff in open court that the time of the application for the appointment of the arbitrator herein, said plaintiff was one-half incapacitated to do manual labor, and further, that on April 18, 1922, plaintiff had fully recovered and was not and is not physically or mentally incapable of wage earning, but was on said date and ever since said time has been and is now fully capable of wage earning. The court therefore concludes that plaintiff should recover compensation from January 12, 1922, to April 18, 1922, 13 and 5-7 weeks, at $15.00 per week, making $205.71, with interest at the rate of six per cent per annum on the several payments from the date each was due until paid."

Judgment for $205.71 and interest thereon was entered for plaintiff, and he appeals.

The question for our consideration with plaintiff's contention thereon is thus propounded:

"Does the continuance of compensation to a dependent who is thirty years old and married, depend upon his capacity to earn wages?

"The district court by its decision in this case held that it does, and we believe that it does not.

"That part of the statute which gives to the court the right to modify an award on account of the increase or diminishing of capacity or disability applies only to the workman. There is no such provision of the law relating to dependents. In order to give to this law the effect sought by the defendant and approved by the trial court it is necessary to read into the act some words or a meaning that is not actually there."

The theory of the defendant was that the plaintiff was not entitled to any compensation at all, at the time of the death of Patrick Dunnigan, first, because he was married; second, he was not a member of Patrick Dunnigan's family; third, he was more than eighteen years old; and fourth, that he was not dependent upon Patrick Dunnigan.

The theory of the plaintiff was that plaintiff was a member of the family of deceased, was partially dependent upon him for sup-

port, and because he had both been married and reached the age of eighteen before the injury, these limitations of the compensation act did not apply to him. Plaintiff further contended that the right to compensation is fixed at the time of the injury and cannot be afterward limited except by express provision of the act.

The trial court apparently accepted the finding of the arbitrator that plaintiff was a dependent of his younger brother's family; but proceeding by the analogy between plaintiff's case and that of a minor dependent who had become eighteen years of age and who was not physically or mentally incapable of earning wages, or of a dependent who had married (Laws of 1917, ch. 226, § 3), either of which would have barred further compensation, the court denied plaintiff's right to compensation after he was restored to health and vigor.

Plaintiff emphasizes the point that the trial court did not formally set aside any of the findings of fact made by the arbitrator; but we think that that formality was dispensed with because of plaintiff's admission that at the time of the hearing before the court he was no longer incapable of earning wages, which was the equivalent of an admission that he was no longer a dependent.

What tends to lead this case into confusion is the unappealed finding that the plaintiff was a dependent. We cannot believe that under the workmen's compensation act it was ever intended that a married man of thirty years with a wife and family and a mother-in-law and a household establishment of his own, could be considered a dependent on his younger brother within any reasonable interpretation of its provisions. And the fact that the deceased generously gave financial assistance to his brother's family during such brother's temporary indisposition ought not to be given the construction of dependency within the meaning of the compensation act. It is possible, of course, that an invalid brother could be a dependent member of another brother's family and thus entitled to compensation. But Patrick Dunnigan, deceased, had no family, no dependents of any sort within the meaning of the statute. This is a mixed question of law and of fact where this court is not bound by any finding of the trial court.

No case leading to so grotesque a conclusion as the one contended for by plaintiff is brought to our attention, and we are not disposed to hunt for one. But see generally, Workmen's Compensation Act, a Corpus Juris treatise, 55 et seq.; 1 Honnold on Workmen's Compensation, 224 et seq.

Mowery v. Kansas City.

There is no error in the case of which the plaintiff can complain; and as we have here no cross appeal to consider, the judgment is affirmed.