No. 25,559.

Roy Francis, *Appellee*, v. The Oklahoma Producing & Refining
Company, *Appellant*.

SYLLABUS BY THE COURT.

Compensation Act—*Personal Injuries—Judgment for Plaintiff in a Lump
Sum Sustained by the Evidence.* The proceedings considered, and *held*, a
judgment in favor of a workman for compensation in a lump sum is sus-
tained by the evidence.

Appeal from Butler district court; Allison T. Ayres, judge. Opinion filed
October 11, 1924. Affirmed.

*B. R. Leydig, K. M. Geddes, E. W. Grant,* all of El Dorado, and *Alvin
Richards,* of Tulsa, Okla., for the appellant.

*S. B. Amidon, S. A. Buckland, H. W. Hart, Glenn Porter,* all of Wichita,
and *J. B. McKay,* of El Dorado, for the appellee.

The opinion of the court was delivered by

Burch, J.: The appeal is taken by defendant from a judgment
awarding plaintiff compensation in a lump sum.

Plaintiff's face was burned by an explosion of gas in a gas-burn-
ing stove. A week or ten days later infectious eczematoid dema-
titis developed in the place which had been burned, and spread over
his body, totally and permanently incapacitating him to perform the
work in which he was engaged, or similar work. The questions pre-
sented are questions of fact. While the case is peculiar and inter-
esting, no useful purpose would be subserved by reviewing the
sixty or more printed pages of evidence contained in the abstract
and counter abstract. It is clear that plaintiff's disability is the re-
sult of accidental injury arising out of and in the course of his em-
ployment. The preponderance of medical opinion was that he can-
not be cured, although ninety-nine per cent of such cases are cured,
and an eminent specialist who treated him expressed the opinion he
would never be able to do heavy manual labor again. There was
abundant evidence of notice of injury and claim of compensation.

It is contended the district court abused its discretion in render-
ing judgment for compensation in a lump sum. It is not contended
the injury was not ascertainable by objective examination and,
since there was evidence sufficient to sustain the finding of perma-
nent total disability, within the meaning of the workmen's compen-
sation act, the contention is without merit.

The judgment of the district court is affirmed.