No. 26,638.

FERDINAND GUISON, JR., by His Father and Next Friend, FERDINAND GUISON, SR., *Appellee*, v. THE HAMILTON COAL AND MERCANTILE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT — *Award of Arbitrator — Review — Statutory Limitations*. The award of an arbitrator duly appointed upon a claim of a workman for compensation is final as to the nature and extent of the injury, and such an award is not open to review except upon the grounds specified in the statute relating to awards, and it appearing in the present case that none of the statutory grounds exist, the court was justified in denying such review.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed February 6, 1926. Affirmed.

*W. E. Ziegler, A. M. Etchen* and *Carl E. Ziegler*, all of Coffeyville, for the appellant.
*Sylvan Bruner*, of Pittsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves a claim made under the workmen's compensation law. Ferdinand Guison, Jr., was a coal miner, employed by the coal company, and on June 11, 1924, while

Workmen's Compensation Act, C. J. pp. 110 n. 27, 117 n. 60; L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; L. R. A. 1918F, 877, 915; 28 R. C. L. 827.

engaged in moving a rock in the mine, another rock fell upon his right hand injuring the index as well as the second and third fingers. The company recognizing that the injury entitled him to compensation paid compensation to him at the rate of $9.53 per week until some time in August of that year, after which it declined to make payments. There was new demand for compensation, which was refused, and the parties failing to agree, the court appointed an arbitrator, Hon. Arthur Fuller, who was directed to make findings as to when the injury was sustained; whether it was accidental and arose in the course of employment; whether it was compensable; what compensation was allowable, and what had already been paid to the claimant. After hearing the testimony the arbitrator found that the plaintiff's injury entitled him to compensation, that the defendant had already paid him for temporary total disability from the time of the injury until September 15, 19——, and further found that he had sustained permanent partial disability for which compensation was allowed at the rate of $6 per week for a period of 403 weeks and two days. A motion was made to set aside the award of the arbitrator, which was supported only by a reference to the evidence taken by the arbitrator, and this motion was overruled. Defendant appeals.

The appeal is presented as though all the questions submitted to and determined by the arbitrator were open to review in the district court and also upon this appeal. It appears that the parties were operating under the workmen's compensation law. An arbitrator was duly appointed, to whom was referred all questions relating to the injury and compensation, including the nature and extent of the injury, whether the disability was total or partial, the previous earnings of the plaintiff, the compensation to which he was entitled and the period for which it was allowed.

Defendant is contending that the extent of the injury was not so serious or great as was found by the arbitrator, and that the disability found was overestimated. The nature and extent of the injury were questions of fact for the arbitrator, and his findings thereon are final, subject only to the limited review provided by statute. (*Roper v. Hammer*, 106 Kan. 374, 187 Pac. 858; *Kinzer v. Gas Co.*, 110 Kan. 574, 204 Pac. 999; *Kinzer v. Gas Co.*, 114 Kan. 440, 219 Pac. 278.) Looking at the subjects in the findings open to review it is apparent that there was no lack of authority, no fraud or even a claim of fraud, no undue influence, nor serious misconduct,

and no substantial ground to contend that the award is grossly excessive. Defendant does insist that the plaintiff was awarded compensation out of proportion to the disability which resulted from the injury, but the extent of the injury was well established, and the finding of the arbitrator closes that controversy. There is no basis for saying that the injury did not result in permanent partial disability, and for that only the minimum compensation was allowed.

The judgment is affirmed.