No. 27,291.
No. 27,354.

W. W. YOUNG et al., *Appellees* and *Appellants*, v. THE SHELLABARGER MILL AND ELEVATOR COMPANY, *Appellant* and *Appellee*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Partial Dependent—Evidence.* The proceedings considered in an action under the workmen's compensation act and *held,* the evidence was sufficient to sustain a finding that the mother of the deceased workman was partially dependent upon him for support.

2. SAME—*Award of Arbitrator — Lump-sum Verdict.* Under the provisions of the workmen's compensation act (R. S. 44-525) an arbitrator has no power to render a lump-sum judgment. (*Boyd v. Mining Co.,* 105 Kan. 551, 185 Pac. 9.)

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed June 11, 1927. Modified.

*C. W. Burch, B. I. Litowich* and *La Rue Royce,* all of Salina, for the appellant.

*Alex H. Miller,* of Salina, and *W. W. McCanles,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by the parents and sister of Harold Young, deceased, to recover under the workmen's compensation act. The plaintiffs prevailed in part and plaintiffs and defendant appeal.

---

Workmen's Compensation Acts, — C. J. pp. 56 n. 24, 96 n. 14 new, 127 n. 95; L. R. A. 1916A, 62, 121, 163, 248; L. R. A. 1917D, 157, 179; L. R. A. 1918F, 483; 13 A. L. R. 718; 30 A. L. R. 1272; 35 A. L. R. 1079; 28 R. C. L. 771, 824.

Harold Young was employed by defendant as an elevator man. He had been in such employ something more than a year, during which time his compensation was $1,451. He was injured April 30, 1925, by a piece of the sheave wheel of a car-pulling apparatus breaking loose from its anchor and striking him in the back of the head. He died almost instantly from the injury. After much contention by the defendant on some questions, arbitration was agreed to.

The arbitrator made findings of fact, substantially to the effect that Harold Young died as a result of injuries received while employed by the defendant; that the parties were acting under the requirements of the workmen's compensation act; that the claim was for $3,800, upon the ground that the claimants were partially dependent upon the decedent for support; that Harold was 24 years old at the time of his death, had always lived at home with his father and mother, had never married; that his father was 58 years old; his mother 57, and his sister Marjorie 17 at the time of his death; that the father for some 20 years had been engaged in the medicine business, employed as a traveling salesman, his income being from $80 to $85 per month; that his father's property consisted of 12 acres of land about a mile east of the city limits of Salina; that there was a five-room house on the land in which the family lived; that the property was of the approximate vaule of $7,000 and subject to a mortgage indebtedness of $1,500; that the land was planted to various crops, alfalfa, Sudan grass, potatoes and garden; that the father kept an average of eight hogs, two or three cows, and that for several years prior to his death, Harold had done virtually all of the work about the home place, plowed the ground and planted the crops; that the alfalfa hay was fed on the place; that Harold did the chores morning, noon and night, sold some of the live stock from time to time, always turning the proceeds over to his father; that his services about the home place were reasonably worth $30 per month; that for several years prior to his death, Harold had paid his mother $9 each week for board and room, of which amount $4 was profit; that the hogs had been sold and the cows taken to pasture since Harold's death because the family was not able to take care of them; that the sister, Marjorie, was not dependent upon Harold for support and not entitled to compensation; that the father was one-fourth dependent upon the earnings of the deceased for support

and the mother three-fourths. The defendant applied for a review of the award upon the ground that it was obtained by fraud and undue influence; that the arbitrator acted without authority, and was guilty of misconduct; that the award was grossly excessive, and that the conclusions of law by the arbitrator were made without authority, were erroneous and contrary to the facts found by the arbitrator.

Upon hearing and consideration, the trial court held that the findings of the arbitrator should be approved generally, but that the contributions found to have been made to the father by way of labor at his home were not a part of the "earnings" of Harold Young; that the mother was dependent upon the earnings of Harold to the extent of twenty-five thirty-eighths of her support, and that she was entitled to receive from defendant the sum of $2,500 as compensation on account of the death of her son; that such sum became due and payable upon the death of Harold, was due and unpaid at the time of the arbitration and award; that the arbitrator should have so found and should have awarded it to complainant in a lump sum, and that she is entitled to receive it in a lump sum.

Motion of defendant for a new trial was overruled. Defendant appeals, complaining of errors and conclusions by both arbitrator and the court, and alleged erroneous order of the court in rendering the lump-sum judgment. Plaintiffs appeal, contending that the court erred in not sustaining the award of the arbitrator in favor of the father.

The court held that the mother was entitled to twenty-five thirty-eighths of the amount awarded, or $2,500 as compensation. There was evidence to sustain the findings that the son paid his mother $9 per week for room and board, of which $4 was profit to her; that he furnished her chicken feed for her chickens to the amount of $4.50 per week; that the deceased did all of the work around the farm such as planting the tracts to small grain and feeding the cows and calves and pigs, and that such work was reasonably worth $30 per month, although deceased received no pay for it.

We are of opinion that while the mother was partially dependent upon deceased, the $4 per week profit to her from the deceased's room and board furnished the only basis from which compensation could be allowed to her. The chicken feed and amounts claimed for

Young v. Shellabarger Mill and Elevator Co.

doing the work and chores about the place were not such items as could be so charged against the defendant. The statute fixes the amount recoverable as "a sum equal to three times his average yearly earnings, . . . but not exceeding thirty-eight hundred dollars ($3,800)." (R. S. 44-510.) The court found the mother's living expenses to be $40 per month, and since the deceased furnished $16 per month, she was properly entitled to sixteen-fortieths of $3,800, or $1,520.

The court found that the father earned from $80 to $85 per month. Also, that his actual living expenses were approximately $50 per month, from which it appears that the father was not dependent upon the deceased and therefore not entitled to compensation.

No appeal has been taken from the judgment of the court refusing to allow compensation to the sister of the deceased.

The plaintiff makes a forceful argument in favor of a lump-sum judgment to dependents where injury to the workman results in death. The question was given serious consideration in *Boyd v. Mining Co.*, 105 Kan. 551, 185 Pac. 9, where it was held that under the provisions of R. S. 44-525, an arbitrator has no power to render a lump-sum judgment. That decision has since been approved in several cases, notably in *Southern v. Cement Co.*, 108 Kan. 213, 215, 194 Pac. 637; *Gilmore v. Mining Co.*, 111 Kan. 158, 205 Pac. 1018; *Davis v. Hibbens*, 113 Kan. 121, 123, 213 Pac. 661.

Other questions ably argued in the briefs need not be discussed.

The judgment will be modified allowing the plaintiff, Louise Young, judgment for $1,520 in periodical payments.

BURCH, J., not sitting.