Shumona v. Armour & Co.

---

No. 27,563.

SOPHIA SHUMONA, Widow and Sole Dependent of Sam Shumona, Deceased, *Appellee*, v. ARMOUR & COMPANY, *Appellant*.

(259 Pac. 703.)

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Trial by Court After Submission to Arbitration—Jurisdiction.* When a claimant for compensation under the workmen's compensation act has to bring an action in court to determine his rights to compensation, the court has jurisdiction to render a lump-sum judgment.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed October 8, 1927. Affirmed.

*E. S. McAnany, M. L. Alden, Thomas M. Van Cleave,* all of Kansas City, and *A. B. Reid,* of Chicago, Ill., for the appellant.

*George H. West* and *P. W. Croker,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a widow and sole dependent of a deceased workman under the workmen's compensation act. From a judgment in her favor defendant has appealed. The sole complaint is that the court erred in rendering a lump-sum judgment. It is contended that under the proceedings in this case the court was without power or jurisdiction to render a lump-sum judgment in view of the fact that there had been an arbitration in the case and the arbitrator's award provided for periodical payments, and there had been no proceedings to review or modify the award.

The facts are substantially as follows: On September 21, 1925, Sam Shumona, while in the employ of Armour & Company, and both operating under the workmen's compensation act, sustained an injury by accident, arising out of and in the course of his employment, which resulted in his death four days later. He left the

---

Workmen's Compensation Acts, — C. J. pp. 8 n. 37, 9 n. 39, 41 n. 1, 104 n. 19, 108 n. 91, 96, 110 n. 22, 126 n. 76, 92, 128 n. 12 new, 29.

plaintiff, Sophia Shumona, his widow, as his sole dependent. On October 13, 1925, she made written claim for compensation. The writing also stated:

"You are further notified that I, the undersigned, object to submitting my claim as a dependent of Sam Shumona for compensation to any committee, representative of Armour & Company, organized for the purpose of settling disputes under the 'workmen's compensation act of the state of Kansas.' You are further notified that unless you do within five (5) days consent in writing to the arbitration of my claim for compensation as sole dependent of Sam Shumona under said compensation act of the state of Kansas, I will take as true said failure as being a refusal of Armour & Company to consent to arbitration of my claim for compensation and will institute suit in the district court of Wyandotte county, Kansas, against said Armour & Company as defendant on account of any claim hereinbefore referred to."

On October 19 defendant replied as follows:

"This is to advise you that in the claim of Sophia Shumona for compensation under the workmen's compensation act of the state of Kansas, Armour & Company consents to the appointment of an arbitrator to determine such questions as the workmen's compensation act of the state of Kansas provides shall be submitted to an arbitrator.

"However, in so consenting, Armour & Company does not admit that Sam Shumona received any injury by accident arising out of and in the course of his employment with Armour & Company which in any way caused or contributed to the death of said Sam Shumona, and expressly denies that Sam Shumona received any injury by accident arising out of or in the course of his employment, which caused or in any way contributed to the death of Sam Shumona."

On November 9 plaintiff filed in district court the following application:

"Comes now the above-named petitioner and prays the court to appoint an arbitrator for the purpose of ascertaining the amount of compensation due to the above-named widow as claimed by her against the above-named respondent and in this application alleges that on or about September 21, 1925, at about 10 o'clock p. m., her husband, Sam Shumona, now deceased, received personal injuries by accident, arising out of and in the course of his employment, and as a direct cause of said personal injuries received as aforesaid, said Sam Shumona died on Friday, September 25, 1925, and that she has given notice to said respondent that she would, on this date, apply to this court for the appointment of an arbitrator, to hear and determine her claim for compensation under the 'workmen's compensation statutes,' 'where death results from injury.'

"Wherefore: Petitioner prays this honorable court to appoint some suitable person as arbitrator, to hear and determine her claim for compensation under the death-benefit statute of the 'workmen's compensation law,' to fix the

amount of such death benefit she is entitled to, if any, and to determine such other matters as may properly come before said arbitrator, arising out of said claim."

Thereafter the following answer to such application was filed:

"Armour & Company, for answer to the application for the appointment of an arbitrator herein by Sophia Shumona, says that it consents to the appointment of an arbitrator to determine such questions as the workmen's compensation act of the state of Kansas provides shall be submitted to an arbitrator, but it expressly refuses to consent to the submission to the arbitrator of any questions other than those questions which the workmen's compensation act provides shall be determined by an arbitrator.

. "For further answer to said application for the appointment of an arbitrator, Armour & Company says that in so consenting to the appointment of an arbitrator, it does not admit that Sam Shumona received any injuries by accident arising out of and in the course of his employment with Armour & Company which in any way caused or contributed to the death of said Sam Shumona, and it expressly denies that Sam Shumona received any injuries by accident arising out of and in the course of his employment, which caused or in any way contributed to the death of Sam Shumona, and suggests to the court that before the appointment of an arbitrator herein, the claimant should, by proper proceedings, be required to establish the fact that Sam Shumona received an injury by accident which arose out of and in the course of his employment with Armour & Company which caused or contributed to the death of said Sam Shumona."

On November 10, both parties appearing, the court made an order appointing James T. Cochran, as arbitrator in the above-entitled matter, "to hear said claim for compensation under the 'workmen's compensation statute,' to fix the amount of compensation she is entitled to, if any, and to determine such other matters as may properly come before said arbitrator arising out of said claim."

On November 16 the hearing was had before the arbitrator, both parties appearing. It was admitted that the average yearly earnings of Sam Shumona for three years preceding his death were $1,560. The employer requested that the arbitrator determine the period for which payments for compensation should continue. The arbitrator's report, filed November 24, states:

".  .  .  .  the arbitrator determines the amount of compensation to be the sum of $3,800, payable $9.15 each week, commencing October 2, 1925, one week from the death of Sam Shumona. There being due at this time seven (7) weeks compensation, or $64.05, for which amount a lump-sum award is made, payments of compensation to continue until the entire amount awarded is paid in full. .

"This award is made subject to the further disposition of the case by the

court, assuming that the judgment of the court or jury shall hereafter be made on the other questions reserved by the court and not before the arbitrator, and if such questions should be decided and adjudicated in favor of the claimant, then and only then will this award be in full force and effect."

On January 19, 1926, Sophia Shumona filed her petition in the district court to recover compensation. It contained the usual allegations for such an action, and concerning the matter of arbitration it was averred:

"That petitioner has offered and proposed to arbitrate her claim for compensation under said 'workman's compensation law' but respondent, by and through its attorneys, Thomas M. Van Cleave, Edwin S. McAnany and Maurice L. Alden, has refused to arbitrate any part of said claim except the amount of wages that Sam Shumona earned for fifty-two weeks prior to the happening of the accident and death as hereinbefore referred to. That petitioner desires and has heretofore requested and demanded that the question which respondent refused to submit to an arbitrator, be heard and determined by a jury as the 'workman's compensation act of the state of Kansas' provides."

The prayer was for a decree for plaintiff—

". . . . and that all other questions arising out of and under the 'workmen's compensation act of the State of Kansas' excepting the amount of wages earned by Sam Shumona, deceased, for fifty-two weeks prior to the happening of the accident and death, referred to herein, which was submitted to arbitration, be adjudicated in this action, and for the petitioner's costs herein expended."

The employer's answer admitted the employment of the workman, his death, that the parties were operating under the workmen's compensation act, that claim for compensation had been made, and that plaintiff had "offered and proposed to arbitrate such claim for compensation under such workmen's compensation act," denied all other allegations of the petition, and—

". . . . specifically denies that it has refused to arbitrate any part of petitioner's claim for compensation, except the amount of wages Sam Shumona earned for fifty-two weeks prior to the happening of the death of Sam Shumona, and states that it has consented to arbitrate such matters as the workmen's compensation act provides shall be submitted to an arbitrator, and that such arbitration has been had."

A jury was called and answered special questions submitted to them as follows:

"Q. 1: Was the husband of the plaintiff, Sam Shumona, injured by an accident arising out of and in the course of his employment while working for the defendant, on or about September 21, 1925? A. Yes.

"Q. 2: If you answer question No. 1 'Yes,' did said Sam Shumona die as a direct and natural consequence of such injury so received? A. Yes.

"Q. 3: Is the plaintiff the sole and only dependent of the said Sam Shumona? A. Yes."

Thereafter the plaintiff filed a motion "for an order entering judgment in her favor in a lump sum, in conformity with the special findings of the jury heretofore rendered in this cause." This motion was by the court considered and sustained, and judgment was rendered—

". . . . in a lump sum of and from defendant, Armour & Company, the sum of $3,800, plus interest thereon at the rate of six per cent per annum from September 24, 1925, amounting to $194, and that said total sum of $3,994 bear interest from this date at the rate of six per cent per annum."

Defendant's motion for a new trial was overruled.

In enacting the workmen's compensation act the legislature recognized that the remedies afforded by common law and statutory modifications thereof for injuries sustained by workmen in certain hazardous industries were inadequate, unscientific, and at times unjust, and therefore a substitute was provided by which a more equitable result could be more promptly reached. (*McRoberts v. Zinc Co.*, 93 Kan. 364, 366, 144 Pac. 247.) One of the purposes was to avoid protracted and unnecessary litigation. (*McCracken v. Bridge Co.*, 96 Kan. 353, 150 Pac. 832; *Truman v. Railroad Co.*, 98 Kan. 761, 767, 161 Pac. 587.) By the provisions of the act the parties may agree (R. S. 44-521) upon the amount of compensation and the manner of its payment. This, of course, is only a recognition of the rights of parties to agree upon any business matter. When the parties agree there is no litigation concerning the matter unless it involves claims for attorneys' fees (*Graham v. Elevator Co.*, 115 Kan. 143, 222 Pac. 89), or unless there is a claim that the agreement should be set aside for some equitable reason, such as fraud or mutual mistake. (*Allen v. Kansas City Fibre Box Co.*, 122 Kan. 178, 251 Pac. 191; *Powell v. Kansas-Mo. Rly. & T. Co.*, 121 Kan. 622, 249 Pac. 675; *Cramer v. Railways Co.*, 112 Kan. 298, 211 Pac. 118; *Crawn v. Packing Co.*, 111 Kan. 573, 207 Pac. 793.) In the event the parties do not agree as to compensation, the act provides three methods of determining (*Ackerson v. Zinc Co.*, 96 Kan. 781, 153 Pac. 530)—perhaps more accurately, three forums in which may be determined—the rights of a claimant to compensation, the amount thereof, and how paid. (*a*) The matter may be settled by a committee representative of the employer and the workman, if one exists (R. S. 44-522), but either party may object to having

the matters determined before such a committee. (See *Villalobos v. Packing Co.*, 105 Kan. 106, 181 Pac. 599.) (*b*) The matters may be determined by a single arbitrator agreed upon by the parties, or appointed by the court upon the application of either party. (R. S. 44-522.) All matters pertaining to the right of the claimant to compensation may be submitted to such an arbitrator. Full arbitration was had upon claims of workmen in *Wilson & Co. v. Ward*, 110 Kan. 117, 202 Pac. 862; *Guison v. Hamilton Coal Co.*, 120 Kan. 329, 243 Pac. 301; *Potocan v. Hamilton Coal and Mercantile Co.*, 120 Kan. 326, 243 Pac. 537; *Villalobos v. Packing Co.*, supra; *Railway Co. v. Fuller*, 105 Kan. 608, 186 Pac. 127; *Roper v. Hammer*, 106 Kan. 374, 187 Pac. 858; *Strong v. Iron & Metal Co.*, 109 Kan. 117, 198 Pac. 182; *Casebeer v. Coal Co.*, 110 Kan. 728, 205 Pac. 626; *Gilmore v. Mining Co.*, 111 Kan. 158, 205 Pac. 1018; *Crawn v. Packing Co.*, 111 Kan. 573, 207 Pac. 793; *Kinzer v. Gas Co.*, 114 Kan. 440, 219 Pac. 278; *Hoops v. Utilities Co.*, 116 Kan. 598, 227 Pac. 332; *Albertsen v. Swift & Co.*, 117 Kan. 337, 230 Pac. 1057; *Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 237 Pac. 1056; and upon claims of dependents in *Boyd v. Mining Co.*, 105 Kan. 551, 185 Pac. 9; *Casebeer v. Coal Co.*, 110 Kan. 728, 205 Pac. 728; *Dunnigan v. Coal Co.*, 115 Kan. 57, 222 Pac. 109; *McCormick et al. v. Coal & Coke Co.*, 117 Kan. 686, 232 Pac. 1071; *Young v. Shellabarger Mill and Elevator Co.*, 123 Kan. 628, 256 Pac. 992. The decision of the arbitrator upon the questions submitted to him is final (see cases last above cited), except for the limited review provided by statute. (R. S. 44-528.) This method of determining the right of a claimant to compensation, the amount thereof, and how paid, is a special proceeding (*Tidwell v. Schaff, Receiver*, 114 Kan. 255, 217 Pac. 702), as that term is defined by our code (R. S. 60-103 and 60-105). Another state not provided with appropriate judicial machinery is not compelled to undertake to administer it. (*Mosely v. Empire Gas & Fuel Co.*, 313 Mo. 225.) But the parties are not required to submit to such an arbitrator all questions pertaining to the right of the claimant to compensation. Unless the parties consent, or the court's order of appointment expressly refers other questions, only the question of the amount of compensation shall be deemed to be in issue before the arbitrator. (R. S. 44-522.) Such a limited arbitration does not determine the claimant's right to compensation. Other questions upon which plaintiff's right

Shumona v. Armour & Co.

to compensation depends must be determined by an action in court. (*Tidwell v. Schaff, Receiver,* supra; *Hobson v. Wilson Bros. Coal & Mining Co.,* 120 Kan. 338, 243 Pac. 314; *Williams v. Wilson,* this day decided.) (*c*) A claimant's right to compensation under the act, in default of agreement, or if the employer shall have refused to consent to an arbitration of the workman's claim for compensation, may be determined and enforced by an action in a court of competent jurisdiction. (R. S. 44-534.)

As to how the compensation shall be paid, if found to be due the claimant, and the amount ascertained, the statute provides that the arbitrator cannot make an award for payment of compensation in a lump sum, except as to such portion as is found to be due and unpaid at the date of the award. (R. S. 44-525.) As to the portion of the compensation not due and unpaid at the date of the award, the arbitrator shall provide that it be paid in periodical payments. In the event of the death of the workman, and his dependents are claimants for compensation, the amount of compensation is due at the date of the death of the workman in the sense that the dependents may proceed to collect the same and may, if arbitration be refused, maintain an action therefor (*Smith v. Boiler Works Co.,* 104 Kan. 591, 180 Pac. 259), and in the sense that it bears interest from the death of the workman (*Johnson, Guardian, v. Milling Co.,* 116 Kan. 731, 229 Pac. 359). But when all questions relating to the right of a dependent claimant to compensation are submitted to an arbitrator, he cannot allow a lump-sum judgment (*Boyd v. Mining Co.,* supra; *Young v. Shellabarger Mill and Elevator Co.,* supra) any more than he could if the claimant were a workman (*Roper v. Hammer,* supra). If the rights of a claimant to compensation, whether such claimant is the workman or the dependents of the workman, are determined by an action in court, the judgment may provide for payment in a lump sum, or for periodical payments, as in an award (R. S. 44-534), in the discretion of the court. (*McCracken v. Bridge Co.,* 96 Kan. 353; *Messick v. McEntire,* 97 Kan. 813, 156 Pac. 740; *Galemore v. Cement Co.,* 103 Kan. 336, 173 Pac. 913; *Francis v. Refining Corporation,* 116 Kan. 723, 229 Pac. 357; *Michael v. Jacob Dold Packing Co.,* 120 Kan. 684, 244 Pac. 1050.)

In this case the rights of the claimant to compensation were not determined by the limited arbitration proceeding. (*Williams v.*

*Wilson,* supra.) The claimant was compelled to bring an action in court to determine her rights to compensation. (R. S. 44-534.) It was then within the discretion of the court to determine how the payments should be made.

Appellant stresses the language of R. S. 44-522, relating to arbitration, "but either party shall have the right to require that the arbitrator shall also find the character and quality of the disability and the period for which payments of compensation shall continue in accordance with the provisions of this act." It is difficult to see how a finding can be made as to "the character and quality of the disability" of a deceased workman. But, passing this thought, the phrase relied upon cannot well apply when the arbitrator does not determine the right of a claimant to compensation. To hold that this phrase authorizes the arbitrator to determine the manner of payment when the court in an action determines the right of the claimant to compensation would, in such a case, produce a conflict between the authority of the arbitrator under R. S. 44-522 and of the court under R. S. 44-534. We cannot presume that any such conflict was intended; we must interpret the different provisions of the statute harmoniously, if possible. That can be done by holding that the arbitrator fixes "the periods for which compensation shall continue" only in the event the arbitrator determines the rights of the claimant to compensation. If such rights have to be determined by an action, the court in its discretion determines whether payment shall be made in a lump sum or in periodical payments. And this construction is in harmony with our previous decisions.

The workmen's compensation act nowhere intimates, nor does it contemplate, that the sum ultimately paid to a claimant for compensation shall be less, if the claimant's rights to compensation, or some question relating thereto, be determined by an arbitrator, than if such rights are determined by the court. When an employer forces the claimant for compensation to bring an action in court to determine his right to compensation, he cannot be heard to say that the court does not have jurisdiction to render the kind of a judgment the statute authorizes the court to render.

It is the design of the workmen's compensation act that claims for compensation be promptly settled by agreement or by arbitration, or be determined as speedily as possible by an action in court. The record in this case discloses no meritorious defense. On

Shumona v. Armour & Co.

the issue before the arbitrator, the amount of compensation, no evidence was taken. The employer admitted that the workman's annual earnings were $1,560, which in a death claim fixed the amount of the compensation at $3,800. (R. S. 44-510.) When the action was brought the only questions put in issue by the pleadings were, (a) whether the workman was injured by an accident arising out of and in the course of his employment with defendant, (b) whether he died as a direct and natural consequence of such injury, and (c) whether plaintiff was the sole dependent of the workman. The jury answered these questions in favor of plaintiff. There is no contention in this court that these answers were not proper under the evidence. These things tend to show that there was no merit from the first in any of the defenses to plaintiff's claim for compensation. Had the spirit and design of the workmen's compensation act been carried out, plaintiff's claim would have been settled by agreement, or all questions relating to her right to compensation would have been submitted to arbitration. They also tend to demonstrate that the course pursued by defendant was with the hope that the sum it would ultimately be required to pay might be reduced by the procedure taken. Procedure is designed to furnish a means for the just and prompt settlement of controversies; it is not designed, and should not be used, for the purpose of aiding a litigant in reducing, or avoiding, his contract or statutory obligations.

The judgment of the court below is affirmed.