No. 32,848

GRANT R. JUNKIN and ESTA L. JUNKIN, *Appellants,* v. THE ACME FOUNDRY AND MACHINE COMPANY and THE EMPLOYERS LIABILITY ASSURANCE CORPORATION, *Appellees.*

(65 P. 2d 263)

Opinion filed March 6, 1937.

*L. T. Cannon,* of Humboldt, and *Charles D. Ise,* of Coffeyville, for the appellants.

*Carl E. Ziegler,* of Coffeyville, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover for workmen's compensation. The commissioner made an award denying the claim, and on appeal the district court upheld this ruling. The claimants appeal.

The deceased workman was the son of claimants. During the hearing before the commissioner it was conceded by respondent that the workman was employed by the Acme Foundry and Machine Company and that he was killed July 7, 1934, in an accident growing out of and in the course of his employment. He was not married and left no dependents, unless it is held that his mother and father, the claimants in this case, were partially dependent upon him. The commissioner found they were not, and the trial court, on the record before the commissioner, upheld that ruling. Hence this appeal.

At the close of the evidence offered by the claimants, respondents demurred to it on the ground that it did not show that claimants were dependent on the workman. This demurrer was overruled. There was some evidence offered by respondents but not on the question of dependency. The evidence offered by claimants on this question was undisputed. It was as follows: The son had never married. He had worked mostly for the Chicago Bridge and Iron Works during the two years prior to his death; he had lived at home for part of that time and at such times had made contributions to his mother and father. The evidence on this point was that the son had built a fishpond and birdbath for his mother; he had worked on the barn and wired it for electricity; he had fixed walks and the driveway around the house; he had filled in the yard. He had also helped his father on the mail route; he had overhauled his father's car twice; he had paid the taxes on the place where the family lived, and at different times he had given his mother and father money. There was also evidence that he had made gifts to his father and mother, such as rugs, floor lamps, cedar chests, electric toasters and similar articles for the home. The father of the workman was 63 years old. He was a mail carrier on a rural route. His salary was $1,800 a year.

There is no dispute but that the earnings of the workman for two years preceding his death were $1,758.56, and that $42.25 medical and $150 funeral benefits were paid by respondent.

Claimants argue that this court should examine the items testified to by their witnesses and find that during the two years before his death the workman contributed $1,537.70 to his parents; and that he contributed $723.40 in his own labor about the house. They point out that his earnings for the two years preceding his death were $1,758.56; that the $723.40 added to the admitted earnings would be $2,481.96, which would constitute the workman's total earnings for the two years. Defendants then argue that the commissioner of workmen's compensation should have made an award of compensation determined by the following formula:

$$\frac{768.85}{1,240.98} \times \frac{\$4,000}{1} = \$2,480.$$

Claimants argue that if this court should adopt the rule laid down in the case of *Young v. Shellabarger Mill and Elevator Co.*, 123 Kan. 628, 256 Pac. 992, and not permit services performed for his parents to count as part of the workman's earnings and contributions then the compensation should have been determined by the following formula:

$$\frac{407.15}{879.25} \times \frac{4,000}{1} = \$1,852.03.$$

This argument is based on the provision of the statute which provides that where the workman leaves dependents in part dependent upon him they should be awarded such percentage of the sum that would have been due them had they been wholly dependent as the average annual contributions made to the support of such dependents during the two years preceding the injury bear to his average annual earnings during such two years. (See G. S. 1935, 44-510, paragraph 2, subdiv. *b*.)

There is no provision whereby this court has authority to remand a case to the district court or the commissioner of workmen's compensation for additional or different findings. A conclusion such as that urged by the claimants here would require in effect that this court read the record made before the commissioner and reach a conclusion as to the facts different from that reached by the commissioner. It is clear that the question of whether claimants were dependent upon deceased was one of fact. The jurisdiction of this court in cases involving workmen's compensation is limited to questions of law. (See *Baldwin v. Manhattan Oil Co.*, 136 Kan. 238, 14 P. 2d 655.) Claimants cite and rely on the case of *Fennimore*

*v. Coal Co.,* 100 Kan. 372, 164 Pac. 265. In that case there was evidence that the parents had considerable property. Their son turned over $35 a month to his mother. This court discussed the question of when parents are dependent on their children, and held that it was a question of fact and affirmed the decision of the lower court as to partial dependency. Claimants argue that the parents in that case were better off than the parents in this case and hence that case is an authority for holding that the parents in this case were dependent. The trouble with that argument is that it should have been presented to the commissioner of workmen's compensation and the trial court. We are not called upon to decide whether the record in this case would have sustained a finding that the parents were partially dependent upon deceased. Our question is whether the record compels a finding of such dependency. We have no authority to make such a finding.

The judgment of the trial court is affirmed.