With these modifications the judgment is affirmed.

No. 33,412

ICA MAY LINES, *Appellant*, v. HUDSON OIL COMPANY et al., *Appellees.*

(68 P. 2d 1096)

Opinion filed June 12, 1937.

*Kenneth H. Foust,* of Iola, for the appellant.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips* and *Bernhard W. Alden,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is a workmen's compensation case. The commissioner of workmen's compensation denied compensation. On appeal compensation was denied by the district court. Claimant has appealed to this court.

The workman was killed. The claimant is his mother. There is no question but that deceased was employed by respondent at the time of his injury and that he met with personal injury by accident arising out of and in the course of his employment. The only question is whether the claimant was dependent on deceased so as to entitle her to make a claim for compensation.

The evidence was that at the time of his death the workman was living with his father and mother; that he had been employed by respondent about five days before his death, and that he had worked two or three weeks for other firms and had given the money he re-

ceived to his mother; that the father was earning $80 a month at the time of his son's death; that the mother of deceased had been in ill health and had not been able to do her own housework for the last five years; that deceased did all this housework. He did all the work that was done around the place, helping with the laundry, washing dishes and doing the work of a maid. There was no evidence that deceased made any contributions to the family upkeep other than what has been detailed here.

On this evidence the commissioner of workmen's compensation found that the claimant was not dependent on deceased, and denied compensation. When the case was appealed to the district court an affidavit of claimant was filed, wherein claimant stated that the customary wage for services such as were furnished claimant by deceased was about six dollars a week and room and board. This affidavit was not considered by the trial court. Following a consideration of the record made before the commissioner the trial court found for defendant on the question of dependency, and denied compensation. Claimant has appealed and asks this court to review that judgment.

At the outset we are confronted with the proposition that this court can review only questions of law. We have no authority to reach a different conclusion as to the facts than was reached by the trial court. There is no question but that if claimant was dependent upon deceased at all she was only partially so. Thus G. S. 1935, 44-510, subdivision 2 (b), covers the situation. That paragraph provides as follows:

"(b) If a workman does not leave any such dependents, but leaves dependents in part dependent on his earnings, such percentage of the sum provided in paragraph 2 (a) of this section as the average annual contributions which the deceased made to the support of such dependents during the two years preceding the injury bears to his average annual earnings during such two years."

It is obvious that before the formula provided for in the above section may be applied there must be a finding as to what amount the workman contributed to the claimant during the two years preceding the injury. The record in this case is devoid of any such evidence. To enable this court to apply the formula it would be necessary for us to examine the record and make such a finding. This we cannot do even had there been some evidence of it in the record. (See *Junkin v. Acme Foundry & Machine Co.*, 145 Kan. 234, 65 P. 2d 263.)

It is true that an affidavit was furnished the district court stating the value of these services. The district court, however, was without authority to hear evidence supplementing the record made before the commissioner. (See *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 286 Pac. 396.)

The judgment of the trial court is affirmed.